CITY OF OCOEE, a Municipal Corporation, *Plaintiff in Error*, vs. S. D. WEST, T. P. WEST, PHIL C. PETER, T. J. SHAW, HELEN U. D. MARTIN, joined by her husband and next friend, W. T. MARTIN, J. H. BOWNESS, THOMAS FREELAND, D. W. MITCHELL, L. C. BOBO, JESSE B. ALFORD, C. C. BOBO, W. L. ROGERS, M. F. EWELL, EVA SIMS and C. J. FARMER, *Defendants in Error*.

130 So. 9.

En Banc.

Opinion filed September 5, 1930.

*Giles J. Patterson* and *Hugh Akerman*, Attys. for Plaintiff in Error;

*H. B. S. Hammond*, Attorney for Defendants in Error.

Buford, J.—The City of Ocoee was chartered by Chapter 10951 Acts of 1925. On the 24th day of June, 1929, certain petitioners filed their petition in the circuit court praying for the exclusion of certain lands from the corporate limits of the town under the provisions of section 1916 R. G. S. of Fla., alleging that there were less than 150 qualified electors in the municipality at that time.

In due course testimony was taken and, amongst other things, the trial judge in the company of counsel for parties to the suit made a personal inspection and view of the *locus in quo.*

A judgment was entered excluding a part of the lands described in the petition from the incorporation and from such judgment the case is here on writ of error.

The construction and application of section 1916 R. G. S. 1920, insofar as the same applies to proceedings to exclude certain described property from a municipal corporation, was discussed and determined by the opinion in the case of Phillips vs. Town of Altamonte Springs, 92 Fla. 862, 110 Sou. 460.

The assignments of error are as follows:

"1. The Court erred in allowing petitioners to introduce evidence over the objection of the defendant relative to the status, place of residence and whereabouts of certain citizens, whose names appeared upon the registration book of the City of Ocoee as being qualified electors, the defendant's objection being that the book itself was the highest and best evidence, that petitioners had offered the book themselves and if they were allowed to offer evidence to show that said book was incorrect, they would be in fact, impeaching their own testimony.

2. The Court erred in ruling that for the purpose of determining whether or not there were 150 qualified electors in the City of Ocoee, that it would not consider the names of 53 citizens, who had qualified and registered since the filing of the petition, striking these 53 names for the purpose of the hearing.

3. The Court erred in ruling that for the purpose of the hearing in order to determine whether or not there were 150 qualified electors in the City of Ocoee that it would strike the names of 61 people who appeared on the book as qualified electors, who according to the testimony had either died or moved from the City of Ocoee before the filing of the petition.

4. The Court erred in its ruling that the City of Ocoee contained only 142 qualified electors at the time of the filing of the petition.

5. The Court erred in refusing to allow the defendant to introduce testimony to prove that 53 electors whose names appeared on the book as having been registered before October 5th, 1929, were citizens and residents of the City of Ocoee at the time of the filing of the petition and would have been qualified electors had the books been opened for registration.

6. The Court erred in striking the amendment to defendant's answer filed October 16, 1929.

7. The Court erred in denying the defendant's motion to reconsider its ruling striking the amendment to de-

fendant's answer and allowing the defendant to prove that the City of Ocoee was bonded; that said bonded indebtedness was a lien upon all the property within the City limits and to exclude petitioner's property would increase the burden of taxation upon the balance of the property remaining within the City limits.

8. The Court erred in overruling and denying the defendant's motion for a finding and judgment in its behalf at the conclusion of all the testimony.

9. The Court erred in entering a finding and judgment for the petitioners.

10. The Court erred in allowing a final judgment to stand in favor of the petitioners.

11. The Court erred in overruling and denying the defendant's motion for a new trial or rehearing in said cause.''

The first five assignments of error may be considered together.

These assignments of error are based upon the action of the court in ruling upon evidence as to the number of qualified electors in the City of Ocoee at the time of the filing of the petition. It appears that there was a registration of the electors of the Town of Ocoee. This registration had been made up prior to the passage of the Act incorporating the City of Ocoee in 1925. Then there was a registration of the electors of the City of Ocoee. This registration embraced those electors who had registered between the date of the passage of the Act incorporating the City of Ocoee and the date of the filing of the suit. Defendants in the court below insisted upon introducing the registration of 53 persons who had registered after the filing of the suit. The court properly held that these names should be excluded. Qualified electors are only those who being otherwise qualified are also registered. The petitioners objected to the introduction of the registration of electors who had registered in the old Town of Ocoee. The objection was overruled and thereupon the

petitioners offered evidence to show, and did show, that 61 of those shown on that registration as qualified electors had either died or moved away. The defendant City objected to the striking of the names of those 61 people but the court overruled the objection and ordered that the names of those persons whom the evidence showed to have either died or moved away and whose names still appeared on the old registration book be stricken, as they were not qualified electors of the City of Ocoee at the time the petition was filed.

We have examined the record and find the court could have come to no other conclusion than that reached, which was that there were only 142 qualified electors in the City of Ocoee at the time of the filing of the petition.

The 6th assignment of error is based upon the action of the court in striking the amendment to defendant's answer filed October 16, 1929. This amendment to the answer attempted to set up as a defense that there was an outstanding bond issue of $198,000.00 against the City of Ocoee and that to exclude the lands described in the petition would place an undue burden upon the property and taxpayers in the remaining portion of the present corporate limits. This assignment of error appears to have been abandoned as it is not argued in the brief.

The other assignments of error are based upon the action of the court in entering final judgment against the defendant City of Ocoee. Whether or not this judgment should have been entered depends upon the evidence before the court. There is substantial evidence in the record to support the findings and judgment. We cannot say that the trial judge clearly committed error in the rendition of his judgment. Therefore, the same should be affirmed and it is so ordered.

Affirmed.

TERRELL, C.J., AND WHITFIELD AND STRUM, J.J., concur.