CITY OF OCOEE, a Municipal Corporation, *Plaintiff in Error,* vs. J. D. BEGGS, et al., *Defendant in Error.*

135 So. 557.

En Banc.

Opinion filed June 30, 1931.

Petition for rehearing denied August 5, 1931.

*Hugh Ackerman* and *Giles J. Patterson,* for Plaintiff in Error.

*H. B. S. Hammond,* for Defendants in Error.

PER CURIAM.—This case is a companion case to that of City of Ocoee vs. West, et al., in which opinion was filed September 5th, 1930, and reported in 102 Fla. ..., 130 Sou. 9, except that in the instant case the defendants in error maintained in the court below that only those persons were qualified electors within the City of Ocoee who being otherwise qualified had registered subsequent to November 13th, 1925, which contention was upheld and sustained by the trial court. Section 56 of Chapter 10951, Acts of 1925, provides as follows:

"Every person of the age of twenty-one years and upwards that shall at the time of registration be a citizen of the United States, and that shall have resided and had his habitation, domicile, home and place of permanent abode in Florida for one year and in Orange County and the City of Ocoee for six months, shall be deemed a qualified elector at all elections in the City of Ocoee. The payment of poll taxes as provided by law and as prescribed for State elections and

registration at the municipal registration as shall be prescribed by ordinance shall be a prerequisite to voting.''

The Act was approved on the 13th day of May, 1925.

There is nothing in the Act by authority of which it may be held that qualified electors of the Town of Ocoee which was abolished by the Act above referred to, should be regarded and held to be qualified electors of the City of Ocoee. There is nothing in the Act to show that the territorial area of the Town of Ocoee was identical with the territorial area of the City of Ocoee.

Without a special provision of the Act, qualified electors of the Town which was abolished could not be held to be by reason thereof qualified electors of the City of Ocoee which was established by an Act of Legislature approved on May 13th, 1925.

We, therefore, hold that there was no error committed by the court in holding that persons not having registered in the City of Ocoee in conformity with the terms of the Act were not qualified electors of the City at the time the petition was filed.

In other respects the judgment of the lower court is affirmed on authority of the opinion and judgment in the case of City of Ocoee vs. West, et al., supra.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.