OLIVER B. SMITH, et als., *Appellants,* vs. ROY H. AMIDON, as Trustee for Highlands City, Florida, *Appellee.*

136 So. 256.

Division A.

Opinion filed July 21, 1931.

*O. Edgar Williams*, for Appellants;

*Peterson, Carver, Langston & O'Quinn*, for Appellee.

BUFORD, C.J.—The Town of Highlands City was created by an Act of the Legislature of 1925 and was abolished by another Act of the Legislature of 1929, Chapter 14599. That Act amongst other things designated a Receiver and authorized the Receiver to collect all taxes due the municipality at that time.

On the 11th day of May, 1927, certain lands were excluded from the municipality by order of court under the provisions of Section 1916 R. G. S., 3049 C. G. L., which was after municipal taxes on such land had been assessed for the year 1926 but before such taxes had been paid. On January 30, 1930, the Trustee referred to in Chapter 14599, supra, filed suit to foreclose the alleged tax lien created by the assessment of taxes on the lands for the year 1926. Certain defendants demurred to an amended bill of complaint, while other defendants filed answer.

There was a motion to strike the answer. The demurrer was overruled. Motion for bill of particulars was denied and the answer was stricken. Thereupon, default judgment was entered against the defendants. From these orders appeal was taken.

The determination of one question will govern the disposition of this case and that question is whether or not the defendants were liable for taxes which had been assessed but not paid at the date of the order of the circuit court excluding the property involved from the municipality under the provisions of the statute above referred to.

Chapter 14599, supra, designated the complainant in the court below, appellee here, as Trustee and conferred upon him certain powers. Amongst others were:

"Said Trustee shall have authority to proceed to collect taxes due to the town and shall bring suit in his name, as trustee and any such suits brought for the collection of such taxes shall be conducted according to law and the rules of court governing the practice in chancery suits generally in the foreclosure of liens, except that the trustee shall have the right to combine in one suit liens on various parcels of real estate owned by various persons or owners."

Section 4 of this Act provides as follows:

"After paying all the debts of said municipality and all costs and expenses of administration of this trust, including the compensation of the trustee and other expenses, if there shall remain in the hands of the trustee any funds arising from the administration of this trust the trustee shall distribute and pay out the same to the taxpayers in proportion to the amount of taxes which they have paid."

The Legislature only purported to authorize the Trustees to collect taxes due to the municipality. The order of court excluding the lands from the municipality dated May 11, 1927, contained the following provision:

"It is further ordered and adjudged that the question of liability of the lands excluded for taxes is in no

wise hereby adjudicated, and that each party pay half of the costs.''

This provision of the order, however, was ineffective because, the court, having made the order excluding the lands from the municipality, was without authority to require the payment of taxes theretofore assessed and then unpaid.

Section 1917 R. G. S., Section 3050 C. G. L., provides:

"Whenever any portion of any city or town is excluded as aforesaid, such portion of the citizens thereof shall be thereby forever released from all debts, duties or liabilities of the said city or town; and all public property, both real and personal, whether situated in the district so excluded or in the remaining district, and all rights and franchises belonging to such city or town at the time of exclusion shall remain and be the property of such city or town.''

The lands could only have been excluded upon the ground that such land was from distance or other cause virtually or commensurately excluded from the benefits of such municipal organization. When the court found by its decree that the lands here involved were so situated and entered its order excluding such lands the effect of such exclusion was fixed by the statute quoted above and the lands and the owners thereof were forever released from all debts, duties or liabilities of the city or town. Having been so released by operation of the statute on the order of court excluding such lands from the municipal corporation, there were no taxes due on these lands when the Act of the Legislature appointing the Receiver and defining his duties was adopted. The Act only authorized the Receiver to collect taxes due and payable to the municipality and, therefore, did not embrace authority to collect taxes on lands theretofore excluded by order of court such as was made in this instance.

For the reasons stated, the orders appealed from should be reversed with directions that the demurrers be sustained and the bill dismissed. It is so ordered.

Reversed.

496

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., concurs in the opinion and judgment.

TERRELL AND DAVIS, J.J., dissent.

DAVIS, J., dissenting:—I cannot agree to that portion of the opinion which holds that the effect of Section 1917 R. G. S., 3050 C. G. L., releases the taxpayers from liability for taxes which have been lawfully assessed but not paid at the date of an order of the Circuit Court excluding property from a municipality under the provisions of Sections 1916 R. G. S., 3049 C. G. L., *et seq.* In my opinion, if Section 1917 R. G. S., 3050 C. G. L., is construed as releasing property from the payment of taxes assessed prior to the making of an order of the Circuit Court excluding property from the city limits but unpaid at the time the order is made, such construction would render the whole statute unconstitutional as a denial of equal protection of the law to those taxpayers who were still left in the city by the order of the Circuit Court. It also makes these Sections of the statute invalid as an unauthorized delegation of legislative power to the courts. I think the language of the statute to the effect that the citizens in the excluded territory shall be thereby forever released from all debts, duties or liabilities of the said city or town can only refer to those which are accrued thereafter and not those in existence at the time of exclusion, whether for taxes or other debts. If the Legislature can enact a law to be construed and applied as this one is being applied in this case, there is nothing in principle which would keep the Legislature from providing that the Circuit Court of Duval County could exclude all of the property in the City of Jacksonville from the City except the small portion about the town hall, and thereby in effect defeat the rights of creditors of the City in violation of the Constitutions of the United States and of the State of Florida. I cannot agree to such course of reasoning.

TERRELL, J., concurs.