H. C. TILLSON v. STATE, ex rel. CARY D. LANDIS, Attorney General.

172 So. 918.
Opinion Filed March 3, 1937.

*Scarlett & Futch* and *John E. Socash,* for Plaintiff in Error;

*Hull, Landis & Whitehair,* for Defendant in Error.

BUFORD, J.—The writ of error is to judgment of ouster on motion for judgment notwithstanding amended plea.

H. C. Tillson was occupying the office of City Commissioner of the City of Lake Helen, Florida. It was alleged in the information in effect that Tillson was not qualified to hold the office of City Commissioner at the time he was elected and was not qualified to hold it at the time of the institution of quo warranto proceedings which were instituted in the name of the Attorney General of Florida.

The amended plea of the respondent was as follows:

"That it is not true as alleged in the said information, that this respondent was not eligible or qualified to hold the office of City Commissioner of the municipality of Lake Helen when he was elected thereto on the 11th day of September, 1934, and that he now is not a qualified elector of the said municipality; and avers that on the said 11th day of September, 1934, respondent was more than twenty-one years of age and was a citizen and resident of the said municipality and that he had been a resident thereof for more than six months, and that then he had resided in the State of Florida for more than one year and was then and

is now a freeholder in the City of Lake Helen, and that he then and there possessed all of the qualifications of a registered elector in accordance with the city charter·of the municipality of Lake Helen, and was then and there a qualified registered elector of the municipality of Lake Helen, and had been such a qualified, registered elector since 1921, at which time he registered in the town of Lake Helen; that when such town of Lake Helen was abolished in 1923 and the present city of Lake Helen established, the new city government adopted the town registration roll as the city registration roll, and on such adopted city registration roll, the name of this respondent appeared, together with the names of all other registered electors of the former town and then city of Lake Helen; that no new registration was required of respondent, and no new registration was required of the other registered electors of the new city of Lake Helen, but respondent and all others who had registered in the former town of Lake Helen became and were recognized as registered electors in the new city of Lake Helen, and such registration of respondent has never been stricken; that prior to the said election of September 11, 1934, respondent was duly and legally nominated as a candidate for city commissioner to be voted for in the said election; that in the said municipal election only one city commissioner was to be elected, and respondent, R. L. Barbe, and Mrs. Bellesmith, each was a candidate for election as City Commissioner of Lake Helen, and each of them was voted for by the electors of the said municipality in the said election, and in the said election respondent received eighty-one (81) votes, R. L. Barbe received sixty-five (65) votes, and Mrs. Bellesmith received two (2) votes for City Commissioner of the said municipality of Lake Helen; that in due course the result of the said election

was duly certified as required by the charter of the said city, and respondent was certified as elected in the said election as City Commissioner of the said City of Lake Helen; that in due time, subsequent to the said election, respondent took the prescribed oath of office as City Commissioner of the said City of Lake Helen, gave the required bond, and in all respects qualified as such City Commissioner, accepted the office and duly entered into the duties thereof, and ever since that time has served as such City Commissioner; that subsequent to his election and qualification as such City Commissioner on, to-wit, the 1st day of October, 1934, respondent was duly and legally chosen, selected and elected Mayor-Commissioner of the said city, by the City Commissioners, pursuant to the charter of the said City of Lake Helen; that ever since the said 1st day of October, 1934, respondent has discharged his duties as Mayor-Commissioner of the said City of Lake Helen, as required by the charter of the said city; that subsequent to his election as City Commissioner and his selection as Mayor-Commissioner, as aforesaid, some question arose as to the validity of the old registration of respondent as an elector of the said City of Lake Helen, and for the purpose of putting at rest any question or doubt as to his registration as an elector of the said city, respondent on, to-wit, the 13th day of August, 1935, again registered and took the oath as an elector in the said municipality, as required by Sections 12, 13 and 14 of the city charter; that no other person has claimed the office held by the respondent as City Commissioner, or Mayor-Commissioner of the said City, and respondent avers that he was duly and legally elected as City Commissioner, as aforesaid, and that he was duly and legally selected and elected as Mayor-Commissioner on the 11th day of September, 1934, as aforesaid; that he

then possessed and now possesses all qualifications to hold such office, and that he has full right and lawful authority to continue to hold the said office, and to continue to perform and discharge the duties as such Mayor-Commissioner of the said city."

Section 9 of Chapter 9811, which is the charter Act of the City of Lake Helen, provides as follows:

"Sec. 9. Commission Judge of Election—Qualifications. The City Commission shall be the judge of the election and qualification of its own members subject to review by the courts, provided that every member of the City Commission shall be a qualified elector in the city, and shall be a freeholder within the city."

Section 12 of the Act is as follows:

"Sec. 12. Qualifications of Electors.—All persons who possess the qualifications of an elector as prescribed in Section 215, Revised General Statutes of Florida, as amended by Chapter 8583, Laws of 1921, and who are duly registered in the City Registration Books as herein provided for, shall be qualified electors of the city. State and County registration shall not be required to entitle electors to vote at city elections."

Sections 13 and 14 of the Act are as follows:

"Sec. 13. Registration Officers.—The City Clerk shall be registration officer, and before entering upon his duties as such registration officer he shall take the following oath administered by the Mayor-Commissioner, to-wit:

" 'I, ..............................., do solemnly swear that I will well and truly perform the duties of registration officer for the City of Lake Helen, according to the Charter and Ordinances of said city, so help me God.'

"Sec. 14. Registration Books. * * * On the first Monday in August in each year, the registration officer shall

open at some convenient place in the city, the registration books for the purpose of registering the qualified electors of the city, which books shall be open from nine (9) o'clock A. M. to twelve (12) o'clock M. and from three (3) o'clock P. M. to five (5) o'clock P. M. each day. Notice of the time and place of opening the registration book shall be posted by the City Clerk or his deputy five days before the opening of said books, said notice to be posted in two public places in the city, one of which shall be at the City Hall. The registration books shall be closed one week before the day of election."

There is nothing in the Act which authorized the officers of the City of Lake Helen to adopt the registration rolls of the former Town of Lake Helen as the registration roll of the City of Lake Helen, but, as is seen from the above quoted sections of the statute, of which both the Circuit Court and this Court will take judicial cognizance, the charter Act specifically provided for registration of electors in the City; and Section 12 of the Act provided that persons shall be qualified as electors who possess the qualifications of an elector as prescribed in Section 215, Revised General Statutes of Florida, as amended by Chapter 8583, Laws of 1921, and "who are duly registered in the city registration books as *herein provided* for."

Then followed the provisions for registration.

So it is that an authority of the opinions and judgments in the cases of City of Ocoee v. Beggs, *et al.,* 102 Fla. 275, 135 Sou. 557, and State, *ex rel.* Attorney General, v. Phillips, 30 Fla. 579, 11 Sou. 922, we must hold that the allegations of the plea show that the respondent was not eligible to the office of City Commissioner at the time he was elected.

The fact that prior to the instituion of quo warranto proceedings the relator had registered on the registration

roll of the City of Lake Helen at a time when the registration books were open in conformity with the charter provisions cannot be held to cure his lack of eligibility at the time of his election. He claims title to the office by virtue of the election and not otherwise and if he was not eligible to election at the time the election was held he cannot lawfully hold the office under that election. This case is to be distinguished from the case of State v. Hodge, 320 Mo. 877, 8 S. W. (2nd Series) 881. In that case the respondent had been elected to an office. The statute of Missouri required respondent to file statement of his campaign receipts and expenditures within thirty days after the election and provided that no person should enter upon the duties until "he shall have filed such statement and duplicate." In that case the Court said:

"Even if we regard that portion of the statute which provides that no officer authorized by law to issue certificates of election shall issue the same until such statement shall have been so made, verified and filed, to which relator has not directed our attention, we must remember that this is a proceeding to try title to an office, and respondent derives title to his office by his election and not by his certificate of election. State, *ex rel.*, v. Steers, 44 Mo. loc. cit. 227; 9 R. C. L. p. 1114; 22 R. C. L. 444. The record discloses that on June 29, 1927, respondent did file, and within two days thereafter verified the statement required by law. This proceeding was commenced by information filed on July 5, 1927. The question thereby raised was respondent's right to hold the office on that date.

"The validity of respondent's election not having been questioned, and it appearing that he possessed the qualifications required by statute at the time of his election and continued to possess the same, we conclude that the judg-

ment of the trial court should stand, and it is hereby affirmed."

In the case now before us the eligibility of the respondent to be elected to the office is challenged and the challenge has not been met by showing the eligibility of the respondent.

There might be some merit in the respondent's contention if conditions had been such that he could have qualified and had qualified to hold the office after the election, but before entering upon the duties of the office. His plea shows, however, that he was not only disqualified at the time of the election, but was disqualified at the time he assumed performance of the duties of the office and, therefore, he was not lawfully entitled to hold the same and exercise the powers and duties thereof.

On authority of the opinions above referred to, and for the reasons above stated, the judgment should be and is hereby affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.