K. N. McPHERSON v. TOWN OF LAKE MAITLAND, a municipal corporation.

184 So. 487.

Division B.

Opinion Filed October 31, 1938.

*Hope Strong* and *George P. Garrett,* for Plaintiff in Error;

*W. A. Pattishall,* for Defendant in Error.

CHAPMAN, J.—On the 17th day of May, 1937, plaintiff below filed his petition under Section 3049 C. G. L. for the exclusion of eighty acres of land owned by him from the incorporated limits of the Town of Lake Maitland, Florida. It will be observed that this is purely a statutory action making it incumbent upon the plaintiff in error to show that the incorporated town contains less than 150 qualified electors. The statute gives jurisdiction to the Circuit Court only when there are less than 150 qualified electors in the said municipality. Likewise Section 2946 C. G. L. provides for the qualification of electors of a municipality, except as otherwise provided. The municipality of Lake Maitland was created under the General Law in 1885. Shortly after its organization, viz., November 2, 1885, an Ordinance of the

Town of Lake Maitland was adopted prescribing the qualification or qualifications of electors. Chapter 6068, Special Acts of 1909, Laws of Florida, validated and established the then existing municipality of Lake Maitland and defined its boundaries, including therein all the lands in the original municipality and additional lands annexed by subsequent ordinances. Chapter 15298, Special Acts of 1931, prescribed the qualifications of electors or voters of the Town of Lake Maitland, and further authorized the said municipality to make rules and regulations governing registrations and elections, but did not repeal, alter, or modify the ordinance previously adopted prescribing the qualification of voters as of November 2, 1885.

It is contended here that if Chapter 15298, *supra,* is given a prospective construction or interpretation then it is clearly established that the Town of Lake Maitland had less than 150 qualified electors at the time of filing the petition in the suit at bar, but if it is given a retroactive construction or interpretation, the qualified electors thereof will be more than 150, and the terms of the statute will not authorize plaintiff to maintain this suit. The lower court gave the statute, *supra,* a retroactive construction or interpretation, and we think or believe that there was no error committed in so doing. It is incumbent upon the plaintiff in error to show that the Town of Lake Maitland at the time of filing the petition, contained less than 150 electors before the Circuit Court acquired jurisdiction. See Town of Lake Maitland v. Carlton, 103 Fla. 583, 137 So. 707.

Counsel for plaintiff in error contend that no municipal benefits accrued from the Town of Lake Maitland to the property owned by plaintiff in error; that the assessment and collection of taxes on the property by the city in effect is taking property without due process of law and is an arbitrary exercise of the power of taxation without right

and is contrary to the due process provision of the Constitution. While this Court is helpless, for the lack of jurisdiction, to adjudicate the contentions of counsel this Court has held that where no adequate remedy is afforded land owners by proceedings at law for excluding lands from illegal municipal taxation, courts of equity may, in proper cases by appropriate procedure and decrees, pursuant to controlling principles of law, in the absence of estoppel, release particular lands that are illegally included in municipalities from unjust taxation therein for purposes that cannot in any way, actually or potentially, benefit the lands or the owners, and the lands cannot be useful for any proper municipal purposes. See State, *ex rel.,* Attorney General v. City of Avon Park, 108 Fla. 641, 149 So. 409. It was held, in the absence of a statutory remedy and in cases where *quo warranto* is not applicable, the remedy in proper cases where the law of incorporation is not invalid, may be in equity to enjoin illegal taxation. See State, *ex rel.,* Landis v. Town of Boynton, 129 Fla. 528, 177 So. 327; City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837.

The judgment appealed from is affirmed without prejudice to any legal or equitable remedy now possessed by the plaintiff in error. It is so ordered.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I concur in the majority opinion with one qualification; that is I cannot fully agree that Chapter 15298 should be given a retroactive construction and application.

The purpose of the Act is to define who are to be deemed "qualified electors" and "qualified voters" after the passage of the Act, and to that extent it is prospective. But it is not necessary that all the qualifications therein defined be

acquired after the passage of the Act. Whether electors or voters possessed the necessary qualifications at the time the Act was passed or acquired them afterwards is not material. It is the operation of the Act on which depends its prospective or retroactive application. The Act makes no attempt to define who were qualified electors at any time before the effective date of the Act. It does not say that those who, after the passage of the Act, become twenty one years of age, citizens of the United States, and lived for one year in Florida and six months in the town, and register, are qualified electors, but it says in effect that after the effective date of the Act those who possess certain qualifications, whenever they have acquired them, will be deemed qualified electors.

In 59 C. J. 1158 it is said:

"A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past. However, a statute does not operate retroactively merely because it relates to antecedent events, or because part of the requisites of its action is drawn from time antecedent to its passing. Retrospective statutes are usually construed to embrace only those which relate to substantial rights, or which give a right where none before existed."

See also Cox v. Hart, 260 U. S. 427, 67 L. Ed. 332.

A statute is not made retroactive merely because it draws upon antecedent facts for its operation. Kelly v. Owen, 7 Wall. 496, 19 L. Ed. 283.