ALBERT G. DURHAM, as Mayor of the Town of Lake Maitland, *et al.*, v. PENTUCKET GROVES, INC.

189 So. 428
Division A
Opinion Filed June 2, 1939
Rehearing Denied June 17, 1939

*Maguire & Voorhis,* and *W. A. Pattishall,* for Appellants;

*Giles & Gurney,* for Appellee.

TERRELL, C. J.—The appellee, Pentucket Groves, Inc., for many years prior to July 13, 1932, owned one hundred thirty acres of land located within the Town of Lake Maitland. On the date so named, these lands were excluded from the town by decree of the Circuit Court pursuant to Section 1916, Revised General Laws of 1920, Section 3049, Compiled General Laws of 1927. The lands so excluded were by Section 3050, Compiled General Laws of 1927, released from all the obligations of the town.

In 1924 and 1925, prior to the exclusion, the Town of Lake Maitland issued bonds for paving streets acquiring and improving a public park and for the construction of a water works system. The said bonds were not validated by decree of the Circuit Court but were issued after an approving election held under the law. From the date of the bond issue to the date of their exclusion from the Town, the lands of appellee were assessed and taxes were paid on them for general operating expenses of the town and for services on the bonds.

In 1936, one of the bondholders brought mandamus pro-

ceedings against the town to compel it to levy a tax against appellee's lands for debt service on the bonds. This action was predicated on the ground that the town as formally constituted was bound for the payment of the bonds and that its resources were totally inadequate to pay them with appellee's lands excluded. Peremptory writ of mandamus was granted and the lands were assessed as prayed for. Bill of complaint was then filed by appellee praying that the Town be enjoined from making the assessments so ordered. Motion to dismiss was denied, answer was filed, and on motion, final decree was entered permanently enjoining the assessment and collection of any taxes on said lands to service the bonds. This appeal is from the final decree.

The question for decision is the interpretation of Section 1916, Revised General Statutes of 1920, Section 3049, Compiled General Laws of 1927, in the light of Section 8, Article VIII of the Constitution of Florida. Appellant contends that as construed by the Chancellor, the act is necessarily violative of the Constitution.

Section 8, Article VIII of the Constitution is as follows:

"The Legislature shall have power to establish and abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter and amend the same at any time. When any municipality shall be abolished provision shall be made for the protection of its creditors."

Section 3049, Compiled General Laws of 1927, provides that when any incorporated town containing less than 150 qualified electors shall have embraced within its limits lands which may from any cause be excluded from the benefits of the municipality, any owner of such lands desiring to have the same excluded from the corporate limits of the town may apply to the Circuit Court for that purpose and

have them excluded by decree of the court. When this is done, they are relieved of all obligations of the town by Section 3050, Compiled General Laws of 1927,

Section 8, Article VIII of the Constitution provides for the establishment and abolition of municipalities *in toto* for such reasons the Legislature may deem expedient and if abolished, provision for the protection of creditors is required. The statute has to do with the exclusion of lands from small towns that never should have been included in it or which as now constituted, should be, in right and justice, excluded from it. The constitutional provision and the statute treat two different subjects and there is a reasonable field of operation for both. There is no basis for the operation of the statute unless lands have been included in the municipality that are not susceptible to municipal improvement. In other words, there must be a commensurate benefit to the lands for the taxes imposed on it. This means that the elements which necessitate or make desirable the creation of a municipal corporation must also be present.

Section 3049, Compiled General Laws of 1927, was in effect long before the bonds in question were issued. It was prospective in operation and affected only those bond contracts made in the future. Bond purchasers were on knowledge of the statute and cannot complain of its provisions. M'Cracken v. Hayward (2 How. 608), 11 L. Ed. 399; Anders v. Nicholson, 111 Fla. 849, 150 So. 639; 6 R. C. L. 325 and 326.

To support their contention, appellants rely on City of Winter Haven, *et al.*, v. Klemm & Son, 132 Fla. 334, 181 So. 153. This case among other questions involved the interpretation of Section 8 of Article VIII of the Constitution and we there held that when lands were withdrawn from a municipality, they should continue to be taxed unless

creditors are otherwise protected. The statute involved in the instant case was not present in the last cited case and had no application to it. In the last cited case, the exclusion was by quo warranto and affected lands that had in part at least received some benefits.

The statute involved here only affects lands that have received no benefits and are without prospect of receiving any by being in the municipality. Under such circumstances, the owners may have them released at any time and when released, they are freed from the obligations of the town. The owner may petition to have them excluded any time the conditions warranting exclusion arise.

The purchaser of bonds of such municipalities takes them burdened with the provisions of the statute, it being a part of his bond contract. He takes nothing from the town when he purchases its bonds but its promise to pay when due. He did not acquire a lien on any of its lands. If lands were excluded that were not so contemplated by the Act, they may, under City of Winter Haven, *et al.*, v. Klemm & Son, *supra,* be required to bear their part of the burden but if they were properly excluded, there is no theory under which they can now have the burden imposed on them. In the absence of showing to the contrary, we must assume that they were legally excluded. This being our view, it follows that Section 3049, Compiled General Laws of 1927, is valid and given its intended scope; it is not in discord with Section 8, Article VIII of the Constitution. The judgment below is therefore affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.