TOWN OF EAGLE LAKE, a Municipal Corporation, *et al.*, Appellants, v. E. E. ADAMS, *et al.*, Appellees.

200 So. 367

En Banc

Opinion Filed February 14, 1941

*Judson & Willson,* for Appellants;

*Gordon C. Huie,* for Appellees.

TERRELL, J.—The appellees as complainants precipitated this litigation by injunction to restrain appellants from levying and collecting municipal taxes on their lands as described in the bill of complaint. On final hearing, the chancellor granted the relief prayed for.

It appears that the lands in question were eliminated from the Town of Eagle Lake by decree of the Circuit Court in 1923, pursuant to Section 3049, Compiled General Laws of 1927, and that they were reannexed to the Town by Ordinance No. 30 in 1925. This suit was brought in 1940.

It is contended by appellees that Ordinance No. 30 is invalid but appellants contend that appellees are estopped to raise this question because they repeatedly acknowledged the municipality as such by paying taxes and running for office.

In his final decree, the chancellor discussed all the questions raised and cited cases in support of his conclusion on each point. We have examined the record and the briefs and if it was shown that an opinion would serve any useful purpose, we could not do better than to adopt that of the chancellor.

The essential questions in the case are concluded by State v. City of Homestead, 100 Fla. 361, 130 So. 28; State ex rel. Landis v. Town of Boca Raton, 129 Fla. 673, 177 So. 293; State ex rel. Landis v. Town of Boynton Beach, 129 Fla. 528, 177 So. 327; Smith v. Amidon, 102 Fla. 492, 136 So. 256; Durham v. Pentucket Groves, 138 Fla. 386, 189 So. 428; and City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837, so the judgment appealed from is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS and ADAMS, J. J., not participating.