138 So.2d 534 (1962)
TOWN OF MEDLEY, a Municipal Corporation, Appellant,
v.
SEMINOLE ROCK PRODUCTS, INC., a Florida Corporation, Appellee.
No. 61-365.
District Court of Appeal of Florida. Third District.
March 15, 1962.
Rehearing Denied April 2, 1962.
Bolles & Prunty, Miami, and Leonard L. Kimball, North Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
This appeal was brought seeking review of a final decree excluding and ousting the lands of the appellee from the territorial limits of the appellant.
The appellee's lands were within the territorial limits of the appellant for approximately 10 years, when the appellee (pursuant to § 171.02, Fla. Stat., F.S.A.) petitioned the lower court to exclude its lands from the corporate limits of the appellant. The answer of the Town of Medley was not included in the record on appeal and, *535 therefore, this court has not been apprised of the issues which were actually tried by the chancellor. Subsequent to a lengthy final hearing, the chancellor rendered a final decree in favor of the appellee ousting its lands from the corporate limits of the Town and cancelling a bond, which had been posted in conjunction with an agreement between the parties, which was introduced into evidence as appellant's Exhibit K.
Section 171.02, Fla. Stat., F.S.A., states as follows:
"Landowners may petition court to have certain land excluded from corporation limits.
"When any incorporated town (or city) containing less than one hundred and fifty qualified electors shall, owing to extent of territory, have embraced within the limits any lands which may from distance or other cause be virtually or commensurately excluded from the benefits of such municipal organization, it is lawful for any owners of such lands or three-fourths of them desiring to have the same excluded from such corporation limits and jurisdiction, to apply by petition to the circuit court in and for the county in which said incorporated town is situated, setting forth in said petition the limits of such incorporated town as then existing and the grounds of his or their objection to be included within the limits of such corporation; whereupon the circuit court shall order notice of said application to be served upon the mayor of said town or city and appoint a day for the hearing of such application. * * *"
The record on appeal clearly shows that there were less than 150 qualified electors in the Town of Medley on September 20, 1960, the date the petition to exclude the lands of the appellee was filed. This is the crucial date in determining the applicability of the aforementioned statute. City of Ocoee v. West, 102 Fla. 277, 130 So. 9; McCombs v. West, 5th Ct. 1946, 155 F.2d 601.
The test to determine whether or not lands may be excluded from the appellant's territorial limits is whether or not said lands "* * * may from distance or other cause be virtually and commensurately excluded from the benefits of such municipal organization, * * *". Section 171.02, Fla. Stat., F.S.A. See: Durham v. Pentucket Graves, 138 Fla. 386, 189 So. 428; Town of Polk City v. Block Twenty, 138 Fla. 609, 189 So. 927; Town of Eagle Lake v. Adams, 146 Fla. 165, 200 So. 367. The chancellor, having heard and received the evidence of the respective parties, made a finding in his final decree that the appellee's lands were virtually and commensurately excluded from the benefits of the Town. We cannot substitute our judgment for that of the chancellor, who heard the evidence, unless there is no substantial evidence to sustain the decree or unless the decree is against the clear weight of the evidence or induced by an erroneous view of the law. Jurney v. Jurney, Fla.App. 1959, 110 So.2d 49.
The contract, introduced into evidence as the Town's Exhibit K, contains various and sundry obligations of the parties and required the appellee to post a $10,000.00 surety bond to ensure performance by it under the agreement. The contract further provided the following:
"(12) In the event the Party of the First Part is dissolved or otherwise ceases to be a municipality or the lands hereinafter referred to are lawfully excluded from the lands of the Party of the First Part, any bond posted under the provisions hereof shall be void and any cash bond in the amount thereof shall be returned to the Party of the Second Part."
The condition subsequent, to-wit: the exclusion of the appellee's lands from the confines of the Town by the terms of the *536 final decree, effectually terminated the requirements that the appellee continue in full force and effect the surety bond required by the contract and, therefore, the chancellor was correct in requiring its cancellation and redelivery to the appellee.
Having reviewed the record on appeal, we find there is substantial evidence to support the decree of the chancellor and we affirm the decree of the lower court. City of Ocoee v. West, supra. However, in doing so we affirm without prejudice to either party seeking to enforce any rights under the contract (introduced into evidence as Exhibit K) which they may have.
Affirmed.