ODOM, ARCHIE M., Associate Judge.
Appellees, plaintiffs below, brought this action against Appellant, defendant below, seeking to have their lands excluded from the corporate limits of the Appellant municipal corporation under the provisions of Section 171.02 Florida Statutes, F.S.A. The trial court found in favor of Appel-lees and excluded their lands by final decree. This appeal is from that final decree.
Appellant, municipal corporation, was created by Special Act of tire Florida Legislature in 1953 (Chapter 29191). The lands involved in this litigation were included in the original boundaries although under a different ownership.
As previously stated this action was brought under the provisions of Section 171.02 Florida Statutes, F.S.A. This Section provides in part:
“When any incorporated town (or city) containing less than one hundred and fifty qualified electors shall, owing to extent of territory, have embraced within the limits any lands which may from distance or other cause be virtually or commensurately excluded from the benefits of such municipal organization, it is lawful for any owners of such lands or three-fourths of them desiring to have the same excluded from such corporation limits and jurisdiction, to apply by petition to the circuit court in and for the county in which said incorporated town is situated, setting forth in said petition the limits of such incorporated town as then existing and the grounds of his or their objection to be included within the limits of such corporation; whereupon the circuit court shall order notice of said application to be served upon the may- or of said town or city and appoint a day for the hearing of such application.”
Under the provision of this Statute Appellees must show that the municipal corporation has less than “150 qualified electors” in order to give the circuit court jurisdiction to proceed with the other issues. See Town of Lake Maitland v. Carleton, 103 Fla. 583, 137 So. 707; City of Ocoee v. West, 102 Fla. 277, 130 So. 9.
The first question proposed in this appeal is whether the Appellant, Municipal Corporation, had more than “150 qualified electors” at the time the petition was filed.
Special Acts of Florida Legislature 1959, Chapter 1436 provides in part:
“The qualification of electors for the exclusive purpose of voting only in elections of the town of Jupiter Island in Martin County, * * *
“(a) Every citizen of the United States of the age of twenty-one (21) years or past, residing in the town of Jupiter Island at the time of the holding of a municipal election, and who shall have resided and had his habitation, domicile, home and place of permanent abode in Florida for one (1) year, and in said town for six (6) months, shall be deemed a qualified elector authorized to vote at such municipal election, provided, that they are registered in the town registration book as prescribed by the charter or by ordinance.
“(b) Every citizen of the United States of the age of twenty-one (21) years or past who has sojourned at least one (1) year, not necessarily consecutively, in the state of Florida, and six (6) months, not necessarily consecutively, in the town of Jupiter Island, at least one (1) month of which shall be immediately prior to registering for each election, and who owns solely or together with his or her spouse a single family dwelling in the town of Jupiter Island, and has paid taxes thereon during the previous twelve (12) months, shall be deemed a qualified elector authorized to vote at such municipal election on all matters except bond *870 elections, provided, that they have registered for voting in person at the town hall not more than four (4) weeks and not less than three (3) days before any election in which they desire to vote and have declared in writing, under oath, that they are qualified as herein-before set forth and have stated in addition their domicile or legal residence.”
It is undisputed that the Appellant, Municipal Corporation, had 86 qualified electors under Section (a) of the above quoted Act and 69 qualified electors under Section (b) or a total of 155.
There has been no attack made in regard to the provisions of this Act, it being Ap-pellees contention that the Constitution of the State of Florida rather than the Special Act controls the determination of the number of “qualified electors” as provided in Section 171.02 Florida Statutes. With this contention we cannot agree.
In the leading case of State ex rel. Attorney-General v. Dillon, 32 Fla. 545, 14 So. 383, 22 L.R.A. 124, in the Syllabus prepared by the 'Court, the Supreme Court of Florida laid at rest the following principles of law:
“1. The right to vote is not an inherent or absolute right generally reserved in bills of rights, but its possession is dependent upon constitutional or statutory grant. Subject to the limitations contained in the federal constitution, such right is under the control of the sovereign power of the state; and where the constitution has conferred the right, and prescribed the qualifications of electors, the legislature cannot change or add to them in any way, but where the constitution docs not confer the right to vote, or prescribe the qualifications of voters, it is competent for the legislature, as the representative of the lawmaking power of tire state, to do so.
“2. Section 1 of article 6 of the constitution of 1885, prescribing the qualifications of electors at all elections under it, does not apply to elections for municipal officers in this state, but such elections are subject to statutory regulation ; and it is competent for the legislature to prescribe the qualifications of voters at the same.
* * * * * *
“13. The reasonableness or justice of a deliberate act of the legislature, so long as it does not contravene some portion of the organic law, is a matter for legislative consideration, and not subject to judicial control.”
Qualified electors in municipal elections are determined by legislative enactment rather than the provisions of the Constitution except in bond elections
Appellees further contend that Section 171.02 Florida Statutes uses the term “qualified electors” without defining the phrase, consequently, in the absence of expressed legislative intent, we must go to the Constitution for such a determination.
In determining the question of whether a given municipality has more or less than 150 qualified electors, the Supreme Court of Florida has repeatedly examined legislative enactments rather than Constitutional provisions. See City of Ocoee v. West, 102 Fla. 277, 130 So. 9; City of Ocoee v. Beggs, 102 Fla. 275, 135 So. 557; Town of Lake Maitland v. Carleton, 103 Fla. 583, 585, 137 So. 707; McPherson v. Town of Lake Maitland, 134 Fla. 720, 184 So. 487.
Appellant, Municipal Corporation, had more than 150 qualified electors at the time Appellees filed their petition under the provisions of Section 171.02 Florida Statutes, consequently, the trial court lacked jurisdiction in this cause.
The final decree is reversed with directions to dismiss the petition.
Reversed and remanded.
SMITH, C. J., and SHANNON, J., concur.