PER CURIAM.
The Town of Medley has appealed a final decree excluding from the Town 129 .acres owned by Elva A. McCahill, the ap-pellee. The action was instituted by Mrs. McCahill by filing a petition pursuant to § 171.02, Fla.Stat., F.S.A., which provides a method for the exclusion of land from the limits of a municipal corporation containing less than 150 qualified electors.
It is immediately apparent from the evidence submitted that the exclusion of the land involved will cut the Town into two separate parts connected only by a county road along the Miami Canal. The basis upon which the petition was brought is the allegation that for all practical purposes the land receives no benefit from the Town. The evidence demonstrates that it is low, wild saw grass land subject to flooding. It must be filled to be used for residential and most industrial purposes. Appellee’s experts testified that the best use of the land is for the mining of rock. It is bordered on the east by the Palmetto Expressway, on the south and west by land owned by Seminole Rock Products, Inc. on the north by vacant property and about 300 feet of N. W. South River Drive and the Miami Canal.
The Seminole Rock Products land which abuts the tract presently under consideration was excluded from the Town under a similar suit. See Town of Medley v. Seminole Rock Products, Inc., Fla.App. 1962, 138 So.2d 534.
In order to set forth the relationship of the subject tract to the Town, it is necessary to briefly describe the Town. Medley is in the northwest section of the metropolitan area of Dade County and lies like a pie-shaped wedge between the Town of Miami Springs and the City of Hialeah. It was organized under the general laws of the State in 1949 and has been in continuous existence since that time. It is cut in two by the Palmetto Expressway and the only access between the two sides is by means of two cloverleaf interchanges. It abuts the Miami Canal and U. S. Highway 27 which runs from Miami to Central Florida. The principal roads are N. W. 74th Street and N. W. South River Drive. Most important is the fact that fill is required to elevate building sites for homes, *543 businesses and most industries. It contains comparatively few residences and most of these are along the highway or canal, but has a good development in small businesses and manufacturing plants.
The force of appellee’s argument that because her land is low and often flooded it is not susceptible to municipal benefits is diminished by the fact that her land is as high as almost all of the remaining land in the Town. The growth of population in Metropolitan Dade County has not infrequently forced the development of low areas bordering on what was once the Everglades. These areas are often used for small plants or industries.
The test to determine whether or not lands may be excluded under § 171.02 Fla. Stat., F.S.A., is whether or not said lands “ * * * may from distance or other causes be virtually or commensurately excluded from the benefits of such municipal organization * * § 171.02 Fla.Stat.; Town of Medley v. Seminole Rock Products, Inc., Fla.App.1962, 138 So.2d 534, and cases cited therein.
The opinion in the Seminole Rock Products case reveals that the decision was based upon the well-recognized rule that an appellate court will not substitute its judgment for that of the chancellor, who heard the evidence, unless there is no substantial evidence to sustain the decree or unless the decree is against the clear weight of the evidence, or was induced by an erroneous view of the law. The opinion states that the record before the court was not complete and that therefore the court was not apprised of the issues that were actually tried. It may be presumed that the evidence revealed that all or a major portion of the Seminole Rock Products Company land was being used in its operation and that this land was virtually excluded from any municipal benefit.
The record now before us contains the conclusions of law by the chancellor (who was the same chancellor whose decree was appealed in the Seminole Rock Producís-case) that because of the decision of this-court in the Seminole Rock Products case, he had no alternative other than to exclude the lands in this suit. We think that this-was an erroneous view of the law appli-' cable to this case.
The prospective operation of § 171.02 Fla.Stat., F.S.A., which is here concerned, has been pointed out several times by the Supreme Court of Florida. In Durham v. Pentucket Groves, 138 Fla. 386, 189 So. 428, the Court interpreted § 171.02 to determine its constitutionality. In so doing, it was said: “There is no basis for the operation of the statute unless lands have-been included in the municipality that are-not susceptible to municipal improvement.”'
In Van Allen v. Town of Ocean Ridge, Fla.1950, 46 So.2d 452, the Court affirmed, a decree for the defendant town and distinguished certain previous cases upon the-basis: “In these cases it was conclusively shown that the lands in question received no benefit whatever from the city facilities- and that they were so devoid of any prospect of receiving any, that they were eliminated.”
In the instant case it is clear that, the only reason that the subject land has-received no benefit from the City facilities-is that it is not used for anything. Land' in the center of a town may not be excluded from the town merely because the owner declines to use the land. Where, as here,, the land is of the same nature and character as most of the land in the town, it cannot be reasonably maintained that it is-so devoid of any prospect of receiving benefit from city facilities that it must be-excluded.
Accordingly, the decree appealed is reversed with directions to enter a decree for the defendant.
Reversed.