85 So.2d 617 (1956)
In re Adoption of BROWN.
In re Petition of William Thomas BRADFORD and Amanda H. Bradford, his wife, for Adoption of Thomas Leondrus Brown.
Supreme Court of Florida. Special Division A.
February 22, 1956.
C. Arthur Yergey, Orlando, for appellants.
Robert C. Wright, Apopka, for appellee.
HOBSON, Justice.
Appellants, William and Amanda Bradford, petitioned the circuit court, in chancery, for the adoption of Thomas Brown, a child now two years old. They prosecute this appeal from a decree denying their petition.
Two hours after the child was born it was brought to appellants, who have ever since retained custody of it. The natural mother has consented to the adoption of the child, and a decree pro confesso has been entered against her husband in these proceedings.
When the proceedings were instituted, the State Welfare Board filed a report with recommendations, pursuant to F.S. § 72.15, F.S.A., thereby becoming a party to the cause, but it presented no testimony at the hearing. The record therefore consists mainly of uncontroverted evidence adduced by the petitioners and their witnesses. F.S. § 72.27, F.S.A., declares adoption records to be confidential. We appreciate the policy of this section, and will confine our discussion to those facts which are absolutely essential to our decision.
*618 The State Welfare Board recommended that the adoption should not be approved, but that the child should not be returned to his natural mother, rendering it necessary for the court to recommend placement of the child. By the decree appealed from, the chancellor, denying the petition for adoption, ordered the natural mother to show cause why the child should not be committed to the Department of Public Welfare for further planning. The only stated basis for the decree is embodied in the following findings, made by the chancellor:
"1. That the petitioners, William Thomas Bradford and Amanda H. Bradford, his wife, are not suitable persons to adopt the said minor child, due to the advanced age of the petitioners and the activities engaged in by Amanda H. Bradford as a Psychic Reader.
"2. That the adoption of this child by the petitioners will not serve the child's best interests."
Appellants contend that the first finding is insufficient in law to sustain the decree, and that the second is not supported by the record.
It appears that Mr. Bradford, at the time of the hearing, was 57 years old and Mrs. Bradford's age was 53. Both enjoy excellent health.
In 2 C.J.S., Adoption of Children, § 8, p. 379, it is stated:
"The adoptive parent or parents must be of the age prescribed by statute, but, in the absence of a provision to the contrary in the adoption statute, an advanced age will not disqualify."
There is no statutory age limit in Florida for petitioners for adoption. While age is undoubtedly a factor to be evaluated by the chancellor in ruling upon a petition of this nature, we are of the opinion that the age of these petitioners should not, without more, be held to bar the adoption, particularly where, as here, the alternative seems to be placement of the child with a public agency.
We next consider the activities of Mrs. Bradford as a "psychic reader". The Welfare Board said of Mrs. Bradford, in its report, that she is "a spiritualist and holds religious gatherings in her home". Mrs. Bradford, in her testimony, referred to these gatherings as "services". She further testified that she is a licensed "psychic reader" and that the activity in which she engages is an accepted religious faith in the United States. The "services", each lasting about two hours, are held in her home once a week, and from ten to twenty people attend. Mr. Bradford, a Presbyterian, does not participate in these activities. He testified that there is no noise from his wife's gatherings, and that they do not disturb the child. In short, nothing was proved regarding the "psychic readings" which would work against the welfare of the child.
We next consider the chancellor's determination that "the adoption of this child by the petitioners will not serve the child's best interests". Appellants contend that this is in fact a conclusion, based upon finding number 1. For the purposes of this appeal, however, we shall treat it as a finding and turn to the record to ascertain whether or not it finds independent support, i.e., whether or not factors appear in the case in addition to those already discussed which would warrant the result which the chancellor reached in the decree appealed from.
From all of the evidence appearing herein, it would seem that the conduct of petitioners has been exemplary. They are hard-working people who are well regarded in the community. They own their home, free and clear of encumbrances, and are able financially to care for the child. In fact, they have already demonstrated their ability in a manner relevant to this inquiry, since they have successfully raised and educated one adoptive son, who is now attending the University of Miami Medical School. They are devoted to the child who *619 is the subject of this litigation, and have been scrupulously attentive to his welfare.
Nothing in the report of the State Welfare Board, which is the sole evidence to support the denial of the petition, is at variance with the facts set out above. Examination of this report reveals that the main ground stated for opposition of the adoption was that the child was not "available for adoption" because the natural mother was unwilling to have notice by publication given the "legal father". If there was any difficulty here, it was resolved by the decree pro confesso which has been duly entered against the legal father.
The decree appealed from is reversed with directions to grant the petition for adoption.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.