PER CURIAM.
Plaintiff has appealed from an order dissolving a writ of attachment issued in aid of a suit to foreclose a mortgage on an automobile owned by defendant. It is contended that the chancellor abused his discretion in dissolving the attachment, and that he applied to the evidence an incorrect rule of law.
In aid of its foreclosure suit plaintiff filed an affidavit as a predicate for the writ of attachment. The affidavit recites that the affiant has reason to believe and does believe that the property encumbered by the mortgage and sought to be attached will be concealed or disposed of so that it will not be forthcoming to answer a decree upon foreclosure. No facts are averred in the affidavit which form the basis of affiant’s belief.
After the automobile had been attached under the writ and delivered to plaintiff defendant filed in the cause his affidavit in *789 which he denied the existence of any cause for belief that he would dispose of or conceal the automobile in question, or that it would not be forthcoming- to answer the decree upon foreclosure. In addition, defendant averred that there is no basis for believing that he will conceal or dispose of the property in question.
Upon the traverse made by defendant’s affidavit, the cause was set for hearing on defendant’s motion to dissolve the attachment. At the conclusion of the hearing the chancellor entered the order appealed m which he found that the testimony of plaintiff was not sufficient as a matter of law to sustain the allegations of its affidavit in attachment. The writ of attachment was thereupon dissolved and it was ordered that the property be returned to defendant.
Appellant first contends that the court erred in placing on it the burden of establishing the grounds of the affidavit which it filed as a basis for the writ of attachment. The pertinent statute provides that upon the hearing of a motion to dissolve an attachment, if the allegations in the plaintiff’s affidavit which are denied are not sustained and proved to be true, the attachment shall be dissolved.[1] The chancellor did not err in requiring plaintiff to adduce proof sufficient to sustain the aver-ments of its affidavit. Upon finding that the proof submitted by plaintiff was insufficient for this purpose, the chancellor was justified in dissolving the attachment, as such disposition is required by the statute.
Appellant further contends that the chancellor abused his discretion in finding from the evidence that plaintiff had failed to carry the burden of establishing the truth of the averments contained in its affidavit of attachment. Appellant has not included in the record on appeal the testimony adduced before the chancellor at the hearing on defendant’s motion to dissolve the writ. It is fundamental that an order or decree comes to the appellate court clothed with a presumption of correctness, and before reversal of an order or decree may be had, the burden rests on appellant to clearly demonstrate error. There is no way by which this court may determine whether the chancellor’s finding with respect to the failure of plaintiff to prove the averments of its affidavit is supported by the evidence in view of the fact that the evidence has not been brought to us for our review.[2]
The order appealed is accordingly affirmed.
CARROLL, DONALD K., C. J., and WIGGINTON and RAWLS, JJ., concur.

. F.S. Section 76.24, F.S.A.

. Pan American Metal Products Co. v. Healy v. (Fla.App.1962). 138 So.2d 96.