159 So.2d 892 (1964)
Clayton C. CLEMENTS, Appellant,
v.
Laury Earl BANKS, Appellee.
No. 63-345.
District Court of Appeal of Florida. Third District.
January 21, 1964.
Rehearing Denied February 13, 1964.
Fred A. Jones, Jr., Miami, for appellant.
Estelle G. Furlong, Miami Beach, for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
This appeal brings for review a decree of adoption which permitted the appellee, Laury Earl Banks, to adopt the illegitimate *893 child born of one Billie Banks, a/k/a Billie Clements, and the appellant. The appellant has preserved for review basically two points on appeal: First, that the chancellor was prejudiced as to the appellant's case and, second, that he committed error in awarding adoption to the appellee, Laury Earl Banks.
The appellant's first point [that the trial judge was prejudiced] will not be considered inasmuch as no effort was made to disqualify the chancellor. The question of prejudice has not been properly preserved. See: City of Coral Gables v. Brasher, Fla.App. 1961, 132 So.2d 442. As to the second point, of course in all adoption proceedings the principal question and prime concern of a chancellor is the welfare of the child. See: Marshall v. Reams, 32 Fla. 499, 14 So. 95; Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208; Hamilton v. Rose, Fla. 1957, 99 So.2d 234; 4 Fla.Jur., Bastards, § 6, page 271. In the instant case, it appears that the appellant at all times material hereto has been married to another woman, residing with her and their child, during which time he became the father of the illegitimate child whose mother [Billie Banks, a/k/a Billie Clements] subsequently married; and now the putative father seeks to prevent the adoption of the illegitimate child by the mother's present husband. In this cause, he has pointed to no statutes or decisions of this State which give him any rights in and to an illegitimate child. In fact, the statutes of this State indicate that an illegitimate father shall not have any rights to an illegitimate child, in that his consent is not necessary to an adoption, [see: § 72.14, Fla. Stat., F.S.A.], and for the purpose of determining matters within the juvenile court he is not considered as a parent. See: § 39.01(8), Fla. Stat., F.S.A.
The appellant contends that because he has been voluntarily supporting the child the equities were with him. However, this gives him no standing because such a voluntary undertaking to support the child was no more than compliance with his legal responsibilities. See: § 742.031 Fla. Stat., F.S.A.
Therefore, no error having been demonstrated in the decree of adoption rendered by the chancellor, which would give this illegitimate child a proper name and place in society, it will not be interfered with by this court.
Affirmed.