PER CURIÁM.
This suit for declaratory decree and other relief was instituted below by the appellants herein, they being members of a class of real property owners in Pinellas County, Florida. They brought this action against the Board of County Commissioners of Pinellas County, Florida; the Tax Assessor of Pinellas County, Florida; and the Honorable Ray E. Green, as Comptroller of the State of Florida. The purpose of the suit is stated in the final decree of the chancellor below: “This suit was brought pursuant to Florida Statute 87, the Plaintiff seeking a declaration of the rights of the parties together with additional alternative, coercive, subsequent and supplemental relief. The basic issue is the validity and legality of the Pinellas County 1962 tangible real and personal property tax assessment rolls.” There were a considerable number of pleadings below, as well as numerous hearings involving several volumes of testimony, etc., all of which comprise a record of impressive size and length. The case was concluded below with a final hearing on January 3 and 4, 1963, and the chancellor entered his final decree on January 9, 1963, wherein he found, in part, as follows:
“The Court finds that the Defendants have complied with the mandatory requirements of law pertaining to taxation in the preparation and completion of the aforesaid tax assessment rolls.
“The Court finds that the Board of County Commissioners, pursuant to Florida Statute 192.111, may contract for a reappraisal of the real property of the county without contracting for a reappraisal of personal property in the county.
“The testimony and evidence presented has failed to support the contention of the Plaintiffs that the aforesaid tax assessment rolls should be declared void.
“The Court rules in favor of the contention of the Defendants that said tax assessment rolls are legal and valid and that no constitutional rights of the Plaintiffs have been violated.
“The Court finds further that the Plaintiffs are entitled to no relief against any of the Defendants in this cause.”
The appellants originally appealed to the Supreme Court of Florida, alleging that the Supreme Court had jurisdiction of this appeal pursuant to Article V, Section 4, of the Florida Constitution, F.S.A., and Rule 2.1(5) (a) of the Florida Appellate Rules, 31 F.S.A. However, by order dated July 2, 1963, the cause was transferred to this court, the Supreme Court finding that the issues involved in the appeal were matters within the jurisdiction of this court. Therefore, that portion of the appellants’ brief directed to the jurisdictional point has not been considered here. Nevertheless, the appellants set out four statements of points in this appeal. Briefly, appellants argue that: 1) the wilful failure and refusal to assess substantial quantities of taxable household goods and personal effects constitutes an unlawful discrimination against the owners of taxable real property, contrary to the Declaration of Rights of the Florida Constitution and the Fourteenth Amendment to the Constitution of the *831 United States, and is also a direct breach of the duties imposed upon the assessor by the Florida Constitution; 2) the persistent and wilful failure of tax officials to apply and follow statutory law in regard to the assessment of ad valorem taxes constitutes a denial of taxpayers’ constitutional rights under the Florida Constitution and also the United States Constitution; 3) the tax assessor violated both the State and Federal Constitutions in that he had revalued only real property to the exclusion of tangible personal property; and 4) the tax assessor wilfully granted unlawful exemptions to one class of personal property to the detriment of real property and thus violated both the State and Federal Constitutions.
The appellants, in their extensive briefs, have cited numerous Florida statutes and cases in support of their arguments set out above. Into their briefs they have also incorporated much of the proof adduced in the lower court, which we admittedly consider fairly persuasive. However, the appellees take the position that the only question to be decided is whether there is substantial evidence in the record to support the findings of the chancellor. They cite and rely upon the case of Brenner v. Smullian, Fla.1955, 84 So.2d 44, wherein the court held that:
“ * * * On appeal this court does not decide a case based upon how they would have decided the case had they heard the original testimony, but only whether there was sufficient evidence in the record to justify the lower court’s decision.”
 With the appellees’ contention we must agree, and we must affirm the chancellor below. We are confronted here with a situation which is peculiarly within the realm of discretion of the finder of fact, in this case, the chancellor below. Further, the chancellor himself is controlled to a great extent by the discretion inherent in the office of tax assessor. See our recent case, Osborn v. Yeager, Fla.App.1963, 155 So.2d 742, wherein we discuss the tax assessor’s almost unlimited discretion. Hence, keeping in mind these controlling rules of law, and after a detailed study of the-record, we find that “there was sufficient evidence in the record to justify the decision.”
The appellants contend that the-foregoing rules do not apply here, since-the assessor in this case is guilty of illegal' acts or a gross abuse of discretion. For instance, they argue that the tax assessor failed to comply with the Florida statutes-to such an extent that there was a systematic and intentional omission of household goods. However, from a consideration of the facts herein, which we do not deem-necessary to set out in this opinion, we-find a lack of proof as to the invalidity of the tax assessment roll, and hold as a matter of fact and law that there is no-showing of any illegal acts or gross abuse of discretion, nor any denial of the equal! protection of the laws. See Harbond, Inc. v. Anderson, Fla.App.1961, 134 So.2d 816;. Poland v. City of Pahokee, 1946, 157 Fla. 179, 25 So.2d 271; City of Tampa v. Palmer, 1925, 89 Fla. 514, 105 So. 115; German-American Lumber Co. v. Barbee, 1910, 59 Fla. 493, 52 So. 292; City of Tampa v. Kaunitz, 1898, 39 Fla. 683, 23 So. 416; Harjim, Inc. v. Owens, 64 F.2d 306 (5th Cir.1933); and 31 Fla.Jur., Taxation, Sec. 645.
In their reply brief the appellants maintain that the case of Tyson v. Lanier, Fla.1963, 156 So.2d 833, wherein the Supreme-Court reversed this court’s decision in Lanier v. Tyson, Fla.App.1962, 147 So.2d 365, is conclusive on certain phases of their case and requires the reversal of the same. In view of the fact that in the Tyson case the final decision of the Supreme Court is solely on a question of law, and that in the instant case the ultimate issue is solely one of fact, we cannot agree with the appellants. Therefore, regardless of the decision that this court might have reached *832 liad it been sitting as the triers of fact, the Brenner case, supra, makes it clear that the only question for us to decide is whether or not, from the record of conflicting facts, the chancellor’s decision can be upheld. We hold that the facts do support such a decision, and that the chancellor must be affirmed.
Affirmed.
ALLEN, Acting C. J., SHANNON, J., and PATTISHALL, W. A., Associate Judge, concur.