172 So.2d 488 (1965)
Bell WILLIAMS, Appellant,
v.
Rosa Lee WILLIAMS and Johnnie Williams, her husband, Appellees.
No. F-528.
District Court of Appeal of Florida. First District.
February 23, 1965.
Rehearing Denied March 26, 1965.
*489 Ernest D. Jackson, Sr., Jacksonville, for appellant.
Releford McGriff, Jacksonville, for appellees.
WIGGINTON, Acting Chief Judge.
This appeal is from what appears to be a final judgment entered in an action of ejectment by which the trial court found that appellees, who were plaintiffs in the action, are the fee simple owners of the land involved in this proceeding, and entitled to its immediate possession as against appellant who was defendant in the trial court.
Appellant first makes the point that although this suit is in all essential respects one in ejectment, it was erroneously treated in the trial court as an action in equity and because she was deprived of her right to a trial by jury on the issues raised by the pleadings, the judgment should be reversed.
An examination of the record on appeal reveals that the complaint filed by appellees is in the statutory form of a complaint in ejectment and demands a trial by jury. The complaint is entitled "In the Circuit Court, Fourth Judicial Circuit of Florida in and for Duval County." Appellant filed a motion to dismiss the complaint, entitling her motion as one in chancery. The order entered by the court denying the motion to dismiss also appears to have been entitled in chancery, as were several subsequent miscellaneous motions and orders entered by the court. The answer filed by appellant to the complaint is in the form of an answer in an action at law in which three defenses are interposed to the cause of action alleged in the complaint, the last of which is denominated as an equitable plea or defense. The final judgment entered by the court is entitled "Final Decree," the opening paragraph of which recites, "Trial hereof was had before the court, without a jury, on the issues made by plaintiffs' complaint and defendant's answer thereto." We pause to observe that such language is customarily found in final judgments entered in actions at law where trial by jury is waived and the trial judge sits as a trier of both the facts and the law. Since juries customarily are not involved in chancery actions, it is not usual for a final decree in equity to recite that the trial was had before the court "without a jury." Thereafter, appellant filed in the cause a pleading entitled "Motion For New Trial" and in which a new trial was prayed. The order entered thereon by the court recited that upon consideration of defendant's motion, it was ordered and adjudged that the motion be denied. It is generally understood that motions for new trial are filed only in actions at law, its counterpart in chancery actions being a petition for rehearing.
From the foregoing it is our conclusion that the action filed by appellees herein was either an action at law in ejectment *490 wherein the parties waived the right to trial by jury and tried the case to the judge sitting as a trier of the law and the facts, or was a law action improvidently filed on the chancery side of the court, irrespective of which no motion for trial by jury or to transfer the case to the law side of the court for a trial by jury on any of the issues was made by appellant. In either circumstance, appellant is in no position to now complain that the trial court committed error by denying her a trial by jury when no such trial was requested, and no objection to trying the case by the judge without a jury was ever made. This Court held in the Lee County Oil Company case that an appellate court will consider only those questions timely presented and ruled upon in the trial court.[1] Furthermore, such error, if any, was not assigned by appellant in her assignments of error filed herein, and for this reason, if none other, cannot be considered on this appeal.[2]
By appellant's remaining two points on appeal, she contends that the trial court abused its discretion or misconceived the legal effect of the evidence when it found that the deed given by appellant's decedent to appellees conveying the land in question was a valid deed and vested in appellees fee simple title to the land described therein. In order for us to consider these points on appeal, it would be necessary for this Court to carefully review the evidence on which the findings and conclusion of the trial court were based. Appellant has not included in the record on appeal the testimony adduced at the trial before the lower court, and we are therefore precluded from making a determination as to whether the evidence is sufficient to support the judgment appealed.[3]
The appeal appearing to be without merit, the judgment forming the basis of the appeal is affirmed.
CARROLL, DONALD K., J., and FITZPATRICK, W.L., Associate Judge, concur.
NOTES
[1] Lee County Oil Co. v. Marshall, (Fla. App. 1957) 98 So.2d 510.
[2] Vaughn v. Smith et al., (Fla. 1957) 96 So.2d 143.
[3] Southern National Bank of Fort Walton Beach v. Young (Fla.App. 1962) 142 So.2d 788; Meadows Southern Construction Co. v. Pezzaniti, (Fla.App. 1959) 108 So.2d 499.