184 So.2d 657 (1966)
In re Adoption of a Minor by Delia A. CHRISTIAN.
No. 125.
District Court of Appeal of Florida. Fourth District.
April 4, 1966.
Bernard C. Muszynski, Orlando, for appellant.
Eli H. Subin of Roth, Segal & Levine, Orlando, for appellee.
WALDEN, Judge.
The paternal grandmother, sixty-eight years of age, petitioned to adopt her granddaughter, thirteen years of age. The chancellor, while approving a continuation of custody in the grandmother, denied the adoption petition after finding, inter alia,
"* * * the Court thereupon determining that the Petitioner, Delia A. Christian, is a fit and proper person and suitable as an adopting parent, but due to the age of the Petitioner, the Court is of the opinion that the Petition for Adoption should be denied, however, the Court further finds that the best interest of said [minor child] will be promoted by remaining in the care and custody of Petitioner, Delia A. Christian, her Grandmother. * * *"
The grandmother appeals. We reverse.
*658 To sum up in advance, the record reveals that the only basis existent for the denial is petitioner's age. Every other consideration of fact and law favors the adoption.
The natural father and the minor in question consented to the adoption. The natural mother filed an answer in opposition and prayer for custody but did not appear at the hearing or offer any witnesses to support her position.
The child was placed in petitioner's custody by the natural parents in the spring of 1953. Since that time she has had the complete custody. She has provided for the child's support and welfare and there is not the slightest inference but that she has done an excellent job of it in every particular.
The record reflects that petitioner is in good health. She cooks, keeps house, drives a car, looks after her affairs and has prospects of a job caring for an invalid. She has an income plus some stocks, bonds and a bank account.
Neither of the natural parents have ever objected to petitioner's custody and neither of them have ever sought to obtain or change the custody arrangement until the natural mother was prompted to file the answer here in which she prayed for custody.
The contact between the natural mother and the child was most infrequent. On one occasion three or four years elapsed before a visit. She had not seen or written to the child for a period of two or three years prior to this proceeding. It is our view that the record reveals such a lack of interest as to constitute an abandonment of the child by the natural mother. See In re Adoption of Prangley, Fla.App. 1960, 122 So.2d 423; In re Adoption of Corcuera, Fla.App. 1962, 145 So.2d 493.
While no special emphasis was given to the matter of how the adoption would affect the child's welfare, our opinion is that it will be best served, despite petitioner's age, by approving the adoption. The child desires the adoption. The grandmother is the only parent she has ever known. It would afford her security to have the relationship cemented by law so that it could not be later challenged. It would not destroy or interfere with any ties or relationship existing with her natural parents as none, in fact, exists. It is also to be remembered that the grandmother has largely finished the undertaking of raising the child as thirteen years have elapsed and only a few years remain with which to be concerned before her emancipation.
Advanced age, standing alone, will not serve as an automatic disqualification of an adoption petitioner. It is an important point which is to be weighed along with all other material evidence bearing on the issue. In some cases it may operate to tip the scale. In others it will be a matter of no moment. On account of the vagaries of life, health and temperament that specially confront persons up in their years, it may be tritely said that as a person's years increase his suitability and prospects as an adopting parent decrease. Thus, we appreciate the chancellor's hesitancy in stamping approval upon the proposition presented. It requires a case containing unusual or remarkable circumstances for a court to approve and legally establish a person of sixty-eight years as an adopting parent. This is such case.
Florida courts have considered matters of this kind on at least two prior occasions. An adoption was approved of a child two years of age by petitioners, husband and wife, aged fifty-seven and fifty-three, respectively. In re Brown's Adoption, Fla. 1956, 85 So.2d 617, 56 A.L.R.2d 820. We observe that there the husband would be sixty-eight years of age when the child reached the age of thirteen years. In the second case an adoption was approved of a child two and one-half years of age by a husband and wife, aged forty-eight years *659 and sixty-three years, respectively. In re Duke, Fla. 1957, 95 So.2d 909. We calculate that there the wife would be about seventy-three years of age when the child reached the age of thirteen years. It is our further comparison that the equitable considerations, apart from age, are more compelling in the case sub judice.
In conclusion we cannot discover any sufficient reason to disapprove the adoption and we believe that there are factors worthy of notice that operate compellingly in favor of the adoption.
The decree appealed from is reversed with directions to grant the petition for adoption.
Reversed.
SMITH, C.J., and KANNER (Ret.), Associate Judge, concur.