212 So.2d 921 (1968)
John James SMITH, Appellant,
v.
William D. LYST and Mable Lyst, Appellees.
No. 67-586.
District Court of Appeal of Florida. Third District.
July 23, 1968.
*922 Burnett Roth, Miami Beach, for appellant.
Kastenbaum, Mamber, Gopman, Epstein & Miles, Miami Beach, for appellees.
Before PEARSON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by John J. Smith from a final decree granting the petition of appellees, William D. Lyst and Mable Lyst, for adoption of Smith's six year old daughter, Belinda Jean Smith.
The findings of the chancellor are as follows:
"1. The testimony has clearly indicated that the adoption would be in the best interest of the minor child Belinda Jean Smith.
"2. Although the respondent, John James Smith, has not abandoned the child, Belinda Jean Smith, his actions up until July, 1965, although perhaps not controlled by himself, amounted to a constructive abandonment since he was committed to an insane asylum from July, 1961, until his release in July, 1965. Further, from July of 1965, until Christmas of 1966, the respondent, although gainfully employed in Queens County, New York, did not attempt to support the child, Belinda Jean Smith, and his actions, despite verbally professing otherwise, constituted further disinterest. The respondent further receives a one hundred percent Veteran's Disability Pension with ten percent for a toe injury and ninety percent for being a neurotic patient.
"3. The petitioners, William D. Lyst and Mable Lyst, have enjoyed a good marital relationship of twenty-one years and the petitioner, William D. Lyst, has had steady employment with Pan American Airlines since his release from service in 1946. Mable Lyst has been a homemaker since her marriage and both are warm friendly people who are sincerely interested in their home and Belinda Jean Smith as equally as their own natural daughter. They have provided and will continue to provide a wholesome home environment for Belinda Jean Smith and this Court feels that the emotional, social and financial security that the petitioners provide for Belinda Jean is excellent and far superior to any that could conceivably be provided by the respondent.
"4. The State Welfare Board has filed its recommendation in regard to a Final Decree of Adoption, recommending that permanent custody of the said minor child, known in these proceedings as Belinda Jean Smith, be granted to the petitioners, William D. Lyst and Mable Lyst, and that a Final Decree of Adoption be entered."
Upon this basis, the chancellor ordered and decreed that:
"(a). That the permanent custody of the child known as Belinda Jean Smith in these proceedings, and now in the temporary custody of the petitioners by virtue of a Final Order entered in the Juvenile and Domestic Relations Court, In and For Dade County, Florida, Case no: DR 859F (Judge Stone) on the 29th day of July, A.D. 1966, be and the same is hereby given to William D. Lyst and Mable Lyst, his wife.
"(b). That the said child now known as Belinda Jean Smith is given the lawful *923 name of and shall henceforth be known as Belinda Jean Lyst.
"(c) That the said child is hereby declared to be the legal child and lawful heir of William D. Lyst and Mable Lyst, his wife, and the said child shall be subject to all of the obligations and entitled to all of the rights and privileges born of the adopting parents in lawful wedlock, * * *"
It is appellant's contention on appeal that the lower court erred in depriving the natural father of the parent-child relationship in the absence of his consent and in disregard of the interest of the father in the child's welfare. The adversary nature of these proceedings is an obvious indication of the father's interest. However, it is not the interest exhibited on the part of the natural parent, but rather the welfare of the child which is the prime consideration in cases of this nature. See: Wiggins v. Rolls, Fla. 1958, 100 So.2d 414.
The lower court received evidence and heard all of the testimony; its findings were made accordingly. The decree of the lower court arrives at the appellate level carrying with it a presumption of correctness. Absent a showing by appellant that there existed before the lower court no substantial competent evidence upon which the decree could be founded, the decision of the chancellor will not be reversed. Alvarez v. Dumont, Fla.App. 1965, 178 So.2d 352; Southern National Bank of Fort Walton Beach v. Young, Fla.App. 1962, 142 So.2d 788. From an examination of the record on appeal, we conclude that there was sufficient competent evidence before the chancellor upon which he could have based his decision. See: In Re Adoption of Layton, Fla.App. 1967, 196 So.2d 784. Therefore, the decree appealed stands affirmed.
Affirmed.