PER CURIAM.
This is an appeal from a final order denying appellants’ petition for adoption. The lower court found that it was not in the best interest of the minor child to grant the adoption petition.
The disposition of this cause would not be furthered by a protracted discussion *624 of the facts and evidence in the record. In this connection the observations in Smith v. Lyst, Fla.App.1968, 212 So.2d 921, at 923, are relevant:
“The lower court received evidence and heard all of the testimony; its findings were made accordingly. The decree of the lower court arrives at the appellate level carrying with it a presumption of correctness. Absent a showing by appellant that there existed before the lower court no substantial competent evidence upon which the decree could be founded, the decision of the chancellor will not be reversed. . . .”
The paramount consideration in any proceeding of this type is the best interest and welfare of the minor child. From our examination of the record we are of the opinion that there was sufficient competent evidence before the chancellor to support his finding that it would not be in the best interest of the minor child to grant appellants’ petition for adoption. The record poignantly reveals the full extent of the trial court’s deep concern for the best interest of the child and the gravity and seriousness of its determination. As the court so eloquently pointed out:
“Everyone here, I am certain, is well-aware of the fact that we are dealing with a most delicate relationship and with a most delicate problem, the best interests and best welfare of the child, )}
* * * * * *
“This is with anything other than pleasure, and only because from the evidence and from a consideration of the evidence as a whole, that the court is forced to announce that the Court will enter an order denying the petition. . . .”
In passing, it might be well to observe that while the Division of Family Services, appellee, in its investigative report which was part of the record below, did not contest the adoption, leaving such matter for the determination of the trial court, the conclusion is inescapable from a reading of the report as well as a review of the testimony as a whole that the Division could not recommend approval of appellants’ petition. As the Division’s report and the testimony reflect “the Division believes and continues to believe, that the placement” (with appellants) “is not in the best interest of the child”.
It is not the function of an appellate court to substitute its judgment for that of a chancellor who heard the evidence unless it has been made to appear that the findings are clearly erroneous when considering all the evidence. Town of Medley v. Seminole Rock Products, Inc., Fla.App.1962, 138 So.2d 534. The test is not what the appellate court would have decided had they heard the original testimony but only whether there was sufficient evidence in the record to justify the lower court’s determination. R. H. James, Inc. v. Anderson, Fla.App.1964, 165 So.2d 829; Old Equity Life Ins. Co. v. Levenson, Fla.App.1965, 177 So.2d 50.[1]
The appellants have not carried the burden of demonstrating that the findings of the trial court are not supported by the record. Accordingly, the order of the trial court is affirmed.
REED, C. J., and MAGER, J., concur.
CROSS, J., dissents, with opinion.

. This principle would seem to be applicable with greater force where the evidence is conflicting as- it. often may be where both sides are claiming what is in the best interest of the child; under such circumstances where the trial court resolves conflicting evidence one way or the other an appellate court ought not to interfere with such determination unless clearly erroneous or without eviden-tiary foundation. State v. Thomas, Fla.App.1968, 212 So.2d 910.