CROSS, Judge
(dissenting) :
I respectfully dissent.
Appellants-petitioners, Grady B. Morrison and Edna E. Morrison, his wife, ap *625 peal an order denying their petition for adoption of a certain minor child.
The petition for adoption was uncontested. The State of Florida Division of Family Services, to which the child had been permanently committed shortly after his birth, did not oppose the adoption, although the Division did file a report in which the opinion was expressed that the adoption was not in the best interest of the child. This opinion was based on the facts that the Division felt that the child needed younger parents, petitioners being in their fifties, that both petitioners worked, and that the child had been previously placed for adoption with the daughter and son-in-law of petitioners.
The evidence was uncontradicted, and the Division of Family Services report recognized, that the primary need of the child was a warm, stable family environment. It was likewise uncontradicted that petitioners could provide such an environment. Petitioners were in comfortable financial circumstances, were highly respected in their community, and had successfully raised three children of their own.
The welfare of the child is the principal question and prime concern of the trial court in an adoption proceeding. Clements v. Banks, Fla.App.1964, 159 So.2d 892. We recognize the great weight which must be given to the trial court’s determination in an adoption case. See Smith v. Lyst, Fla.App.1968, 212 So.2d 921. However, where the court’s determinations are not supported by the evidence pertaining to the child’s welfare, an appellate court will not hesitate > to reverse those determinations. See In re Duke, Fla.1957, 95 So.2d 909; In re Brown’s Adoption, Fla.1956, 85 So.2d 617.
The uncontradicted evidence in this uncontested adoption proceeding established that the best interest of the child would be served by placing him in the type of family environment provided by petitioners. Had the Division of Family Services seriously thought otherwise, it could easily have opposed the adoption. The alternative to granting the petition, as the Division’s report itself recognized, was to remand the child to the custody of the Division of Family Services, where prospects for a subsequent adoption were dim indeed. I would reverse the order appealed and remand with directions to grant the adoption.