HENDRY, Chief Judge.
This is an appeal from an order of the trial court dismissing appellant’s petition for adoption.
Appellant-petitioner, a fifty-five year old widow, filed her petition to adopt the minor child, L, then age seventeen months. Appellant had been L’s foster mother from the time the child was twelve days old. Appel-lee-respondent, the Department of Health and Rehabilitative Services of the State of Florida, was opposed to the adoption on the grounds of appellant’s age, economic condition and marital status.
At final hearing, both sides offered testimony addressed to the child’s best interest. The trial court accepted appellee’s recommendation against adoption and this appeal follows.
On appeal, appellant’s primary contention is addressed to the sufficiency of the evidence presented by appellee to support the trial court’s order. More specifically, appellant argues that the court placed too little reliance upon testimony concerning possible psychological damage occurring to L by virtue of a separation from appellant, while overemphasizing such factors as appellant’s age.
Initially, we note that an order of-the trial court comes to an appellate court clothed with a presumption of correctness and it is not the function of an appellate court to substitute its judgment for that of the chancellor, unless it has been made to appear that the chancellor’s findings are clearly erroneous. Morrison v. Smith, 257 So.2d 623 (Fla. 4th DCA 1972).
Sub judice, the trial court found that pursuant to the recommendation of appellee, which stands in loco parentis, having the responsibility to determine the proper adoptive home in which to place the child, the interests of L would best be served by dismissing appellant’s petition for adoption. As this finding by the trial court was based upon substantial competent evidence, the order appealed must accordingly be affirmed. Smith v. Lyst, 212 So.2d 921 (Fla. 3d DCA 1968).
Any other points raised by appellant are without merit and need no discussion.
Affirmed.