419 So.2d 675 (1982)
Jose L. MEZQUITA, Appellant,
v.
FLORIDA STEEL CORPORATION and Hartford Insurance Company, Appellees.
No. AD-251.
District Court of Appeal of Florida, First District.
August 19, 1982.
Rehearing Denied October 7, 1982.
*676 Jay M. Levy of Silver, Levy & Hershoff, Miami, for appellant.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellee, Florida Steel Corp.
No appearance for appellee, Hartford Ins. Co.
PER CURIAM.
This cause is before us on appeal by the claimant from a workers' compensation order awarding temporary total and permanent partial disability benefits, payment of certain medical bills to Dr. Turke incurred prior to July 23, 1976, attorney's fees and costs. Although claimant correctly contends that the deputy erred in relying on an alleged letter of deauthorization which was never admitted into evidence, see, e.g., City of Hallandale v. Jones, IRC Order 2-3440 (1978), we affirm the denial of payment of Dr. Turke's bills subsequent to July 23, 1976, as there is no evidence in the record showing that Dr. Turke was ever authorized,[1] and claimant was offered alternative medical treatment. See Delta Airlines v. Underwood, 406 So.2d 1188 (Fla. 1st DCA 1981).
Claimant also urges that the deputy erred in failing to adjudicate the issue of claimant's entitlement to interest and penalties, when such benefits were claimed in the pre-trial stipulation. The order is entirely silent on this issue. However, as the record reveals that the omission was never raised before the deputy within the time available for correction, we affirm. Section 440.25(4)(a), Florida Statutes; Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); Genuine Parts Company v. Morris, 409 So.2d 156 (Fla. 1st DCA 1982); Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD and BOOTH, JJ., concur.
NOTES
[1] The employer/carrier chose not to file a cross-appeal as pertains to the award of medical payments to Dr. Turke prior to July 23, 1976. Its failure to do so, however, did not preclude it from advancing reasons different than those given by the deputy to support that portion of the order appealed.