JO ANOS, Judge.
Numerous issues are raised in this worker’s compensation appeal, some of which show reversible error committed by the deputy commissioner.
Claimant, Newman, worked for the Rav-enswood-Griffin Volunteer Fire Department about ten hours per week. Simultaneously, he worked at Don’s Pizza and Subs, a restaurant business in which he was a partner. Newman’s severe left knee injury occurred on February 23,1976, when he was called from the restaurant to a fire. While riding to the fire on his motorcycle he was involved in a collision with an automobile.
The first three issues stated by appellants concern the inclusion of Newman’s earnings from self-employment in calculating his average weekly wage. Appellants argue that Newman failed to show that as a partner, he had elected coverage pursuant to Section 440.05(2), Florida Statutes, under the business’s workers compensation insurance policy, and that he thus had failed to establish that he was not excluded from employee status under Section 440.02(2)(c), Florida Statutes. Appellants further argue that even if he had elected, those earnings should not have been included in his average weekly wage. The deputy commissioner found that “Don’s Pizza and Subs carried workmen’s compensation insurance for him and all the employees of the business.” This finding is supported by competent substantial evidence in the form of the claimant’s testimony. When Newman testified that the restaurant had workers compensation insurance which covered him, defense counsel did not inquire further into the matter or attempt to show in some other way that no election had occurred. Appellants, relying upon Wilson v. City of Haines City, 97 So.2d 208 (Fla. 2d DCA 1957), argue that the earnings should not have been included regardless of election. Wilson is not applicable. Wilson does not compel the conclusion appellants suggest because in that case, claimant’s self-employment wages were excluded because they were earned by him as an employer and independent contractor, rather than as an employee, whereas Newman’s uncontradicted testimony can be properly interpreted to mean that he elected and is therefore not excluded from employee status.
Appellants also argue that Dr. Neu-beiser’s assessment of Newman’s permanent impairment as 60% of the leg is without value because he failed to base this assessment on the American Medical Association Guides to the Evaluation of Permanent Impairment. While there was discussion of the need to use the Guides during Dr. Neubeiser’s deposition, this issue was not raised before the deputy commissioner at the hearing which resulted in the order appealed, and thus it was not preserved for appellate review. See Sunland v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
Regarding alleged conflicts in Newman’s testimony, given at his deposition and at hearing, on the amount of his earnings from Don’s Pizza and Subs during the 13 weeks preceding the injury, while some inconsistencies were apparent, at the hearing defense counsel did not cross-examine claimant as to possible conflicts with his deposition testimony or offer any evidence of what Newman actually received during those weeks. Under the circumstances, the deputy could accept the later testimony as competent substantial evidence for his finding as to claimant’s earnings from that business for those 13 weeks.
The record also contains competent substantial evidence to support the deputy’s finding that good cause existed to excuse *323 the late filing of medical reports, and to support the challenged awards of temporary total disability benefits from April 20, 1976, to July 30, 1976, and temporary partial disability benefits from August 1, 1976, to November 13, 1977. Appellants did not challenge the awards of temporary benefits for other periods of time. Appellants did, however, point out that the deputy did not use the statutory formula for computing temporary partial disability benefits; on remand the deputy should conform this award to Section 440.15(4), Florida Statutes (1975).
At the final hearing on this claim, testimony was produced for the first time, as far as the record indicates and according to appellant, as to wages received by Newman from the fire department. Defense counsel moved for a continuance in order to verify the information. We conclude that it was an abuse of discretion to deny this continuance, inasmuch as it appears counsel for E/C may have been misled in this matter through an earlier deposition of claimant. Therefore we reverse and remand with regard to this issue as it affects the determination of average weekly wage.
We find no reversible error as to the other issues raised by appellants. To summarize, we affirm the order of the deputy commissioner except as to the formula for calculating temporary partial disability benefits and the denial of the continuance, with regard to which we reverse and remand for further proceedings bearing on the issue of average weekly wage as it is affected by wages from the fire department, consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
LARRY G. SMITH, and THOMPSON, JJ., concur.