436 So.2d 1039 (1983)
LeBRUNO ALUMINUM COMPANY, INC. and Chubb Group, Appellants,
v.
Bruce V. LANE, Appellee.
No. AP-125.
District Court of Appeal of Florida, First District.
August 19, 1983.
Rehearing Denied September 19, 1983.
Bernard J. Zimmerman and Marshall S. Adler of Akerman, Senterfitt & Eidson, P.A., Orlando, for appellants.
J. David Parrish of Hurt & Parrish, Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
MILLS, Judge.
The employer and carrier (E/C) in this workers' compensation case appeal a final order of the deputy commissioner which granted temporary total disability, catastrophic loss, and rehabilitation benefits to Lane, and which found that the E/C had acted in bad faith. We do not reach all of the issues raised because we find that certain inappropriate remarks by the deputy commissioner require reversal of the entire order.
Lane's claim for workers' compensation benefits came on for hearing before the deputy commissioner on 8 March 1982. After hearing the testimony of Lane but before hearing any of the E/C's evidence, the deputy commissioner remarked that he had already made up his mind to award benefits and to award attorney's fees to Lane based on the E/C's bad faith handling of the claim. When counsel for the E/C asked the deputy commissioner if he would still be allowed to present his witnesses, the deputy commissioner replied, "You can put them on if you want to take up the Court's time." Thereafter, the E/C presented their evidence, and the deputy commissioner subsequently entered an order awarding benefits to Lane and finding that the E/C had acted in bad faith.
The remarks by the deputy commissioner clearly indicate that the E/C did not receive the fair and impartial hearing to which they are entitled under our system of justice. Accordingly, in spite of the hardship that it may cause Lane, who may in fact have been entitled to compensation, we have no choice but to reverse the order appealed and remand with instructions that the case be assigned to another deputy commissioner. *1040 Rockledge Country Club v. Becker, IRC Order 2-2540 (February 25, 1974).
Reversed and remanded with instructions.
LARRY G. SMITH, J., concurs.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Judge, dissenting.
Although I would agree with the majority to reverse if the issue had been brought before the deuty in a timely fashion, no such effort was made. The employer/carrier had adequate opportunity, following the comments, to seek recusal of the deputy commissioner and request the assignment of another deputy. None was made. Nor did it attempt during the twenty-day period before the order became final to seek the error's correction. See § 440.25(4)(a), Fla. Stat. (1979); Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981); Mezquita v. Florida Steel Corporation, 419 So.2d 675 (Fla. 1st DCA 1982). By going forward and presenting evidence in defense of the claim, the employer/carrier, I think, should be deemed to have elected to take its chances that the deputy might yet change his mind. The issue, which essentially seeks disqualification of the deputy, is now raised for the first time on appeal. We have repeatedly stated that we will not become the tribunal of first resort on questions latent in the record but not substantially raised before the deputy. E.g. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); Bland Construction Co. v. Williams, 419 So.2d 374 (Fla. 1st DCA 1982); Ravenswood-Griffin Volunteer Fire Department v. Newman, 422 So.2d 321 (Fla. 1st DCA 1982).
The majority, however, without expressly stating so, elevates the issue on appeal to one of fundamental error. I cannot agree. Although fundamental error has been defined as that error going to the foundation of the case or the merits of the action, which would result in a miscarriage of justice if not considered, 3 Fla.Jur.2d Appellate Review § 301 at 364 (1978), errors occurring in the trial process and not going to the merits of the case are generally held not to be fundamental. Nelson v. Selden Cypress Door Co., 78 Fla. 203, 83 So. 286 (1919). For example, a point assailing a trial judge's alleged prejudice was deemed waived when no effort was made at the trial level to disqualify him. Clements v. Banks, 159 So.2d 892 (Fla. 3d DCA 1964).
I am astounded that the majority would now consider such an improvidently raised issue. The result of its opinion is that although the claimant may, as the majority recognizes, be entitled to compensation, his benefits must be delayed for whatever protracted period of time it takes to try the claim before another deputy and the time involved for another appeal, which will no doubt inevitably follow the order entered. Under the circumstances, I fail to see that there was any fundamental miscarriage of justice which goes to the very foundation of the case.