WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which a claim was denied upon the determination that an alleged accident “does not fit within the reasonable medical probabilities.” We find that this is a permissible construction of the evidence, and that claimant has presented no point of reversible error. Although the deputy made certain inappropriate comments during the course of the proceeding below, in the context of this case these comments do not warrant reversal. We therefore affirm the order appealed.
At the hearing various depositions were received into evidence, and claimant was the only witness to testify live before the deputy. An issue was presented as to when claimant first gave the employer notice of the alleged injury. Immediately before claimant testified the deputy engaged in a discussion with counsel as to this mat *826 ter, and counsel indicated that claimant would testify that he gave notice on the day of the accident. The deputy responded:
That ain’t good enough.... Have you got a written statement ... other than his self-serving testimony? ... Claim denied.
Further discussion ensued and counsel suggested that the deputy should read the depositions. The deputy stated:
I’ll read it all before I deny the claim. But, I’m going to tell you right up front. If you ain’t got it, you ain’t got it.... I’ve got to have some satisfactory proof.... And, I’m not going to believe him just on his say-so. I want some documentation....
Claimant then testified and described the alleged accident, and his notification of the employer. During the course of his testimony claimant apparently became nervous, and the deputy suggested that counsel might slow down the questioning and attempted to make claimant more comfortable.
LeBruno Aluminum Co., Inc. v. Lane, 436 So.2d 1039 (Fla. 1st DCA 1983) establishes that if a deputy prejudges a claim in such a manner as to deprive the parties of a fair and impartial hearing, the case should be reassigned to another deputy. The challenged comments at the commencement of the hearing in the present case were both ill-advised and inappropriate, suggesting that the deputy would require claimant's testimony to be buttressed by corroborative evidence. However, the deputy did not apply this improper standard in the order denying the claim. The deputy adequately delineated in the order a permissible basis for rejecting certain aspects of claimant’s testimony, which was at times contradictory. Counsel did not seek the deputy’s recusal after the challenged comments at the beginning of the hearing, instead arguing that claimant’s testimony could be sufficient in context with the depositions, and elected to proceed before the deputy. While recusal was not sought in LeBruno, unlike that case in the present instance the totality of the circumstances indicate that despite the deputy’s initial comments claimant was not deprived of a fair hearing.
The order appealed is affirmed.
NIMMONS and ZEHMER, JJ., concur.