348 So.2d 1 (1977)
TOWN OF INDIAN RIVER SHORES, Etc., et al., Petitioners,
v.
Rosemary RICHEY, Etc., Respondents.
No. 50307.
Supreme Court of Florida.
June 30, 1977.
Gordon B. Johnston, Sharp & Johnston, and James T. Vocelle and Fred T. Gallagher, Vocell, Gallagher & Block, Vero Beach, for petitioners.
Robert L. Shevin, Atty. Gen., and William C. Sherrill and Mary Jo Carpenter, Asst. Attys. Gen., for respondents.
BOYD, Justice.
Chapter 29163, Laws of Florida (1953) is the City Charter of the Town of Indian River Shores. Article VI of the Charter governs elections. Section 2 of the Article provides that qualified municipal electors shall be town residents or those who have owned real estate in the Town for at least six months at the time of municipal elections. There is no qualification requirement that the landowners be residents. Section 1 of the Article provides for registration *2 of municipal electors in the municipal registration book. The use of the Charter registration system was discontinued after Chapter 73-155, Laws of Florida, was enacted to amend Section 98.041, Florida Statutes. Chapter 73-155, a general law with State-wide effect, provided for a permanent single system of voter registration for all elections, including municipal elections, and for registration by the County Supervisor of Elections or precinct registration officers.
The Town filed suit against the County Supervisor of Elections for a declaratory decree that anyone meeting the Charter election qualifications, residency or ownership of Town land, may register as a municipal elector. The trial judge entered an order of final judgment finding Article VI, Section 2 of the Charter, as a Special Act, to be unaffected by Chapter 73-155 and directed registration of Town landowners who seek to register.
The final judgment was reversed by the District Court of Appeal, Fourth District, 337 So.2d 410 (Fla.4th DCA 1975), and the court certified the following question to be a matter of great public interest:[*]
Does Section 1 of Chapter 73-155, Laws of Florida, 1973, implicitly repeal Article VI, § 2, of Chapter 29163, Laws of Florida 1953, so that only residents of a municipality may vote in a municipal election?
As the District Court points out, repeal of a statute by implication is not favored and will be upheld only where irreconcilable conflict between the later statute and earlier statute shows legislative intent to repeal. For the reasons given in the District Court opinion, irreconcilable conflict between Chapter 73-155 and the Charter provision governing municipal elector qualifications is present. The Legislature intended for the general law to repeal the Charter provision. Only residents may register to vote.
It is so ordered.
OVERTON, C.J., and SUNDBERG and HATCHETT, JJ., concur.
DREW (Retired), J., dissents with an opinion.
DREW, Justice (Ret.), dissenting.
The power of the Legislature over municipalities, under the Constitution of 1885[1] and now,[2] is plenary. That the Legislature has the power to prescribe the qualifications for voters in municipalities is beyond question.[3]
The optional permanent registration of voters first provided for in 1953[4] and made mandatory in 1973 on all municipalities[5] is basically a procedural method of registration repeatedly referred to in the act itself as "a system." It has nothing to do with "qualifications," a substantive matter. I can discern no reason why a compliance with the provisions of the town charter will in any way present any insurmountable problem[6] to the supervisor of registrations, *3 nor any reason why both acts cannot be fully applied. None have been pointed out to me in either the District Court's opinion or the majority opinion here. There is only the assertion that there is an "irreconcilable conflict." If the Legislature wants to change the qualifications of voters in Indian River Shores it can readily do so. We should not do it for them.
I dissent and would quash the District Court of Appeal opinion, and direct the reinstatement of the able trial judge's judgment.
NOTES
[*] Art. V, § 3(b)(3), Fla. Const., gives us jurisdiction.
[1] State v. Johns, 92 Fla. 187, 109 So. 228 (1926); North Shore Bank v. Town of Surfside, 72 So.2d 659 (Fla. 1954); Gate City Garage v. City of Jacksonville, 66 So.2d 653 (Fla. 1953).
[2] Art. VIII, § 2(a) presently states that "[m]unicipalities may be established or abolished and their charters amended pursuant to general or special law." Art. VIII, § 2(b) states that municipalities shall have governmental powers "except as otherwise provided by law." Thus, the Legislature has "life and death" power over municipalities. City of Long Beach Resort v. Collins, 261 So.2d 498 (Fla. 1972); State v. City of Tampa, 316 So.2d 570 (Fla.2d DCA 1975).
[3] E.g., State v. Dillon, 32 Fla. 545, 14 So. 383 (1893); Town of Jupiter Island v. Gautier, 157 So.2d 868 (Fla.2d DCA 1963); Hisgen v. Rileigh, 115 So.2d 715 (Fla.2d DCA 1959).
[4] Ch. 29163, Laws of Florida (1953).
[5] Ch. 73-155, Laws of Florida. See particularly Sec. 1 of Ch. 73-155 [§ 98.041, Fla. Stat. (1975)] where the word "system" is used four times. The used words are "registration system," "this system," "other systems," "registered in pursuant of this system."
[6] The brief of appellee and the opinions of both the District Court and majority here constantly confuse "registration" with "qualification." The brief asserts "there is a positive and irreconcilable conflict between the non-resident freeholder registration" (of the old and new act). In the opinion of the District Court similar language is used and in the majority here only the words "irreconcilable conflict." Color coded cards or other means may be used to designate the non-resident freeholder when he registers, and, when the county supervisor furnishes the books to the town for use in a city election, such persons so identified shall be privileged to vote under appropriate instructions. True, it entails more work on the part of the supervisor, but this does not render the act invalid.