Dr. Elton J. Gissendanner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32303
Dear Dr. Gissendanner:
This is in response to your request for an opinion on substantially the following questions:
 1. WHETHER LIVE BAIT SHRIMP PRODUCERS MAY LAWFULLY TRAWL FOR SHRIMP IN THE INLAND WATERS OF CLAY, DUVAL AND ST. JOHNS COUNTIES THAT DO NOT COMPRISE THE ST. JOHNS RIVER?
 2. WHETHER DEAD SHRIMP PRODUCERS MAY LAWFULLY TRAWL FOR SHRIMP IN NASSAU COUNTY?
 3. IN WHICH AREAS OF THE INLAND WATERS OF CLAY, DUVAL, NASSAU, PUTNAM, FLAGLER, OR ST. JOHNS COUNTIES IS IT LAWFUL TO TRAWL FOR SHRIMP FOR NONCOMMERCIAL USE?
The regulation of shrimp fishing in this multi-county geographical area is controlled by s 370.153, F.S. Subsection (2) of s 370.153 provides: "It is unlawful to employ the use of any trawl or other net, except a common cast net, designed for or capable of taking shrimp, within the inland waters of Nassau, Duval, St. Johns, Putnam, Flagler, or Clay Counties, except as hereinafter provided." The phrase, "except as hereinafter provided" refers to a number of requirements contained in s 370.153 that are prerequisites to lawful shrimping, which include licenses, equipment restrictions, and geographical areas of permissible fishing.
It has come to the attention of this office that s 370.153, F.S., as amended by Ch. 83-295, Laws of Florida, is presently the subject of litigation contesting the constitutional validity of the statute and its amendment. This office, of course, must presume the constitutional validity of this statute unless and until a court of competent jurisdiction declares otherwise in a proper judicial forum. However, the issues presented in your inquiry do not involve constitutional questions, but rather involve problems concerning statutory interpretation and application about which this office may properly render an opinion.
QUESTION ONE
Prior to the amendment of s 370.153, F.S., by Ch. 83-295, Laws of Florida, the provision relating to geographical areas where live bait shrimp production was permissible in this multi-county region was paragraph (b) of subsection (3) which provides:
 A live bait shrimp production license shall be issued by the Department of Natural Resources upon the receipt of an application by a person intending to use a boat, not to exceed 35 feet in length in Duval, St. Johns, Putnam, Flagler, and Clay Counties and not to exceed 45 feet in length in Nassau County, for live shrimp production within the inland waters of Nassau, Duval, St. Johns, Putnam, Flagler, or Clay Counties and the payment of a fee of $50. The design of the application and permit shall be determined by the department. The proceeds of the fee imposed by this paragraph shall be used by the Department of Natural Resources for the purposes of enforcement of marine resource laws.
You state that prior to the enactment of Ch. 83-295, based on the above provision of subsection (3)(b), live bait shrimp producers were allowed to trawl for shrimp in all inland waters of the six-county area, except for the Trout River and within 1/4 mile of any natural or manmade inlet in Duval or St. Johns Counties as restricted by s 370.153(8)(c)1. and 2., F.S. Subparagraph (c)1. provides that "[i]t is unlawful to employ the use of any trawl designed for, or capable of, taking shrimp within 1/4 mile of any natural or manmade inlet in Duval County or St. Johns County." Subparagraph (c)2., provides that "[i]t is unlawful for anyone to trawl in the Trout River west of the bridge on U.S. 17 in Duval County." An additional restriction not mentioned in your inquiry is contained in paragraph (8)(b) of s 370.153, F.S., which states: "The use of a trawl by either a live bait shrimp producer or dead shrimp producer within 100 yards of any shoreline is prohibited. The Department of Natural Resources, by rule or order, may define the area or areas where this subsection shall apply." This prohibition applies to both live bait shrimp producers and dead shrimp producers and it is an administrative responsibility of the Department of Natural Resources to define the area or areas to which this subsection applies.
You question whether after the effective date of Ch. 83-295, Laws of Florida, live bait shrimp producers may trawl the inland waters of Clay, Duval and St. Johns Counties that do not comprise the St. Johns River. Also, you wish to know whether live bait producers may fish in all of the other inland waters of Nassau, Putnam and Flagler Counties.
The title of Ch. 83-295 provides, in pertinent, part that paragraph (f) of subsection (3) is added to s 370.153, F.S., "limiting commercial trawling for certain shrimp production to a certain area in St. Johns River." Subsection 1 of Ch. 83-295 adds paragraph (f) to subsection (3) of s 370.153 which reads:
 All commercial trawling in Clay, Duval, and St. Johns Counties shall be restricted to the inland waters of the St. Johns River proper in the area north of the Acosta Bridge in Jacksonville and at least 100 yards from the nearest shoreline. (e.s.)
Reading s 370.153(3)(f), F.S., with the title of Ch. 83-295, Laws of Florida, it is apparent that the legislative intent and purpose in enacting Ch. 83-295 was to limit commercial trawling for live bait shrimp production in the several named counties to the St. Johns proper in the area north of the Acosta Bridge in Jacksonville. Thus, the statute as amended operates to prohibit commercial trawling for live bait shrimp production in all other inland waters of Clay, Duval and St. Johns Counties. This new provision by its express terms applies only to "commercial trawling in Clay, Duval, and St. Johns Counties" and does not affect live shrimp production in the other counties of this multi-county region. The "100 yards" restriction merely tracts the restriction of subsection (8)(b) and does not effect a change in the law. Live bait shrimp production in the other counties, Nassau, Putnam, and Flagler Counties is unaffected by the passage of Ch. 83-295, Laws of Florida. Therefore, Ch. 83-295 restricts all live bait shrimp production in Clay, Duval, and St. Johns Counties to the inland waters of the St. Johns River proper in the area north of the Acosta Bridge in Jacksonville. The new addition to subsection (3) of s 370.153 does not by its express terms apply to all of the counties in the multi-county region. Thus, live bait shrimp producers may continue to lawfully fish in the inland waters of Nassau, Putnam and Flagler Counties.
QUESTION TWO
Section 370.153(4), F.S., states that "[a]ny person may operate as a commercial dead shrimp producer on the St. Johns River provided that" such person complies with the requirements enumerated therein. Prior to the enactment of Ch. 83-295, Laws of Florida, paragraph (b) of subsection (4) provided: "All commercial trawling shall be restricted to the St. Johns River proper in the area north of Buckman Bridge at Orange Park and at least 100 yards from the nearest shoreline." Chapter 83-295 amended paragraph (b) to read: "All commercial trawling shall be restricted to the St. Johns River proper in the area north of the Acosta Bridge at Jacksonville and at least 100 yards from the nearest shoreline." (emphasis supplied to amended language) Thus, the only amendment to subsection (4) effected by Ch. 83-295 was to move the southern boundary northwards where dead shrimp production on the St. Johns River is permissible.
While a reading of these provisions of subsection (4), s 370.153, alone might lead to the conclusion that in this six county region dead shrimp production is lawful only in the stretch of the St. Johns River described in paragraph (b) of subsection (4), a comprehensive reading of subsection (4) and a review of the legislative history of s 370.153 coupled with the requirement that a statute must be construed so that it is meaningful in all of its parts lead me to the conclusion that dead shrimp production is also lawful in the inland waters of Nassau County.
In 1974, the Legislature amended subsection (4)(b) of s 370.153, F.S. 1973, by s 2 of Ch. 74-140, Laws of Florida, to provide:
 A dead shrimp production license shall be issued by the department of natural resources upon the receipt of an application by a person intending to use a boat, not to exceed thirty-five (35) feet in length in Duval, St. Johns, Putnam and Clay Counties and not to exceed forty-five feet in length in Nassau County, for dead shrimp production within the inland waters of Nassau County and the inland waters of the St. Johns River of Duval, Putnam, St. Johns or Clay Counties and the payment of a fee in the amount of $50. (emphasis supplied to amended portions)
This amendment evinces a legislative intent to include Nassau County as an area of lawful dead shrimp production in the six county region covered by the regulations of s 370.153, F.S. And see, the title of Ch. 74-140, Laws of Florida, stating in relevant part that the act amended s 370.153(4)(a), (b), (d) and (g), F.S. 1973, to "includ[e] Nassau County in the regulations now imposed on live and dead shrimp production in Duval, St. Johns, Putnam and Clay counties[.]" In 1977, the Legislature substantially amended s 370.153, F.S. See, Ch. 77-186, Laws of Florida. It was at this time, 1977, that paragraph (4)(b) of the present statute was added. However, the above-quoted language pertaining to Nassau County was carried forward. See, s 1 of Ch. 77-186 with the pertinent language now contained in subsection (4)(a) of s 370.153, F.S.
It is a well established rule of construction that a statute must be construed as a whole so that it is meaningful in all of its parts and, if possible, all the parts harmonized. Cilento v. State, 377 So.2d 663 (Fla. 1979); State v. Gale Distributors, Inc.,349 So.2d 150 (Fla. 1977); Snively Groves v. Mayo, 184 So. 839
(Fla. 1938). Furthermore, the repeal of a statute by implication is not favored, the presumption is that the Legislature did not intend to effect so important a measure as the repeal of a law without expressing a clear intention to do so, and on interpretation leading to such a result should not be adopted unless it is inevitable. Town of Indian River Shores v. Richey,348 So.2d 1 (Fla. 1977); Tamiami Trail Tours v. City of Tampa,31 So.2d 468 (Fla. 1947); State v. Gadsden County, 58 So. 232
(Fla. 1912). I discern no legislative intent to repeal the provisions of subsection (4)(a) of s 370.153, F.S., which authorize the issuance of a permit allowing dead shrimp production within the inland waters of Nassau County.
It is therefore my opinion that, unless legislatively or judicially determined to the contrary, dead shrimp production upon the procurement of the applicable permit is lawful within the inland waters of Nassau County.
QUESTION THREE
The change made for noncommercial trawling is the same as the one made for dead shrimp production. Subsection (5) of s 370.153, F.S., provides that "[a]ny person may harvest shrimp in the St. Johns River for his own use as food and may trawl for such shrimp" under the conditions enumerated therein. Chapter 83-295, Laws of Florida, amended paragraph (c) of subsection (5) as follows:
 All trawling shall be restricted to the confines of the St. Johns River proper in the area north of the Acosta Bridge in Jacksonville Buckman Bridge at Orange Park and at least 100 yards from the nearest shoreline. (additions are underlined; deletions are stricken)
Thus, the southern boundary for noncommercial trawling is moved by this provision from the Buckman Bridge at Orange Park north to the Acosta Bridge in Jacksonville. Additionally, noncommercial trawling is prohibited within 1/4 mile of any natural or manmade inlet in Duval or St. Johns Counties and in the Trout River west of the bridge on U.S. 17 in Duval County.
In summary, unless and until judicially determined otherwise, it is my opinion that commercial trawling for live bait shrimp production in Clay, Duval, and St. Johns Counties pursuant to Ch. 83-295, Laws of Florida, is limited to the St. Johns River proper in the area north of the Acosta Bridge in Jacksonville, where not otherwise prohibited by subsection (8) of s 370.153, F.S., and commercial trawling is prohibited in all other inland waters of those counties; live bait shrimp production is permitted in all the inland waters of Nassau, Putnam and Flagler Counties except again as limited or prohibited by subsection (8) of s 370.153, F.S. Dead shrimp production is restricted to the St. Johns River proper in the area north of the Acosta Bridge at Jacksonville and is permissible in the inland waters of Nassau County except as limited or prohibited by subsection (8) of s 370.153. Noncommercial trawling is restricted to the confines of the St. Johns River proper in the area north of the Acosta Bridge in Jacksonville, at least 100 yards from the nearest shoreline and is subject to the limitations of paragraph (c) of s 370.153(8), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General