Dr. Elton J. Gissendanner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32303
Dear Dr. Gissendanner:
This is in response to your request for clarification of AGO 83-23 which posed the following question:
 IS THE DEPARTMENT OF NATURAL RESOURCES LEGALLY LIABLE FOR THE PAYMENT OF AD VALOREM TAXES ASSESSED BY DRAINAGE DISTRICTS AND WATER MANAGEMENT DISTRICTS PURSUANT TO CHAPTERS 298 AND 373, FLORIDA STATUTES, RESPECTIVELY?
You are seeking clarification as to whether the conclusion reached therein applies to special assessments as well as to ad valorem taxes. This opinion addresses that issue as well as the issue of the application of subsection (5) of s 253.03, F.S., to lands title to which was vested in the Board of Trustees of the Internal Improvement Trust Fund prior to the enactment of Ch. 67-2236, Laws of Florida, which added subsection (5) to s 253.03, F.S. To the extent of any conflict or inconsistency with this opinion, AGO 83-23 is hereby superseded, and this opinion represents the position of this office in regard to the interpretation and application of the provisions of Florida law discussed herein.
Chapter 67-2236, Laws of Florida, contained a provision, now codified as subsection (5) of s 253.03, F.S., which provides:
 It is the specific intent of the Legislature that this act repeal any provision of state law which may require the Board of Trustees of the Internal Improvement Trust Fund to pay taxes or assessments of any kind to any state or local public agency on lands which are transferred or conveyed to the Board of Trustees of the Internal Improvement Trust Fund under the terms of this act and which at the time of the passage of this act are entitled to tax-exempt status under the constitution or laws of the state.
This provision was part of an act relating to the trustees of the internal improvement trust fund which increased the number of trustees, redefined their powers and duties, and required the transfer of the title of certain lands to the trustees. See, title to Ch. 67-2236. See also, Ch. 67-269, Laws of Florida. Another provision of Ch. 67-2236, now subsection (4) of s 253.03, F.S., provides:
 It is the intent of the Legislature that where title to any lands is in the State of Florida, with no specific agency authorized by the Legislature to convey or otherwise dispose of such lands, the Board of Trustees of the Internal Improvement Trust Fund shall be vested with such title and shall hereafter be authorized to exercise over such lands such authority as may be provided by law.
And subsection (6) of s 253.03, F.S., added by Ch. 67-2236, provides:
 Commencing September 1, 1967, all land held in the name of the state or any of its boards, departments, agencies, or commissions shall be deemed to be vested in the Board of Trustees of the Internal Improvement Trust Fund for the use and benefit of the state. By October 1, 1967, any board, commission, department, or agency holding title to any state lands used for public purpose shall execute all instruments necessary to transfer such title to the said Board of Trustees of the Internal Improvement Trust Fund for the use and benefit of the state, except lands which reverted to the state under the provisions of chapter 18296, Laws of Florida, 1937, commonly known and referred to as the "Murphy Act."
When these provisions are read and interpreted together, it appears that the language of subsection (5) of s 253.03, F.S., applies only to lands that were transferred or conveyed to the Board of Trustees of the Internal Improvement Trust Fund pursuant to the terms of Ch. 67-2236, Laws of Florida, and which were entitled to tax-exempt status at the time Ch. 67-2236 was enacted. Thus, lands title to which was already vested in the trustees prior to the enactment of Ch. 67-2236, if subject to taxes or assessments of a state or local public agency, would continue to be subject to such taxes or assessments. This distinction between lands held by the Board of Trustees prior to the enactment of Ch. 67-2236 and those lands transferred or conveyed pursuant to that act is the basis of the clarification of AGO 83-23. Subsection (5) of s 253.03, F.S., however, applies to special assessments ("assessments of any kind") as well as to ad valorem taxes.
This opinion, following the format of AGO 83-23, will apply this distinction to three categories of water management and drainage districts constituted in Florida. The categories are: water management districts created pursuant to, and operating under the authority of, Ch. 373, F.S.; water control districts operating under the authority of Ch. 298, F.S.; and, other types of drainage, water control and conservancy districts created by and operating under the authority of special acts. The general rules regarding the taxation of state-owned lands as set forth in AGO 83-23 remain valid. The general rule is that state-owned lands are not subject to assessment and levy of taxes by other governmental agencies in the absence of a clearly expressed legislative intention to subject such land to the taxes in question. Citing, 71 Am.Jur.2d State and Local Taxation s 336 (1973); 84 C.J.S. Taxation s 200 (1954); and see, Dickinson v. City of Tallahassee,325 So.2d 1, 3 (Fla. 1975); State ex rel. Charlotte County v. Alford, 107 So.2d 27, 29 (Fla. 1958); Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571, 573-574 (Fla. 1957). As to special assessments, the generally recognized rule is that public property is assessable if so provided by legislation. 29A Fla.Jur. Special Assessment s 35; Martin v. Dade Muck Land Co., 116 So. 449 (Fla. 1928). See also, 20 Fla.Jur.2d *2841 Drains and Sewers s 49.
In AGO 83-23 this office concluded that "state-owned lands title to which is vested in the Board of Trustees of the Internal Improvement Trust Fund are not subject to ad valorem taxes assessed by the five water management districts created by s373.069, F.S., and operating under the authority of Ch. 373, F.S." Id. at 3. This conclusion was based on the fact that Ch. 373, F.S., does not currently contain authorization for the five water management districts created pursuant to s 373.069, F.S., to impose ad valorem taxes or assessments of any kind on state-owned lands. Id. at 3. The distinction heretofore made regarding lands transferred to the Board of Trustees pursuant to Ch. 67-2236 would not have any impact on this lack of authority, and therefore, the opinion expressed in AGO 83-23 remains unaffected except as modified to make it clear that subsection (5) of s 253.03 applies to special assessments as well as to taxes. Any distinction between land title to which was vested in the Board of Trustees prior to the enactment of Ch. 67-2236 and land title to which was transferred to the Board pursuant to Ch. 67-2236 is irrelevant to the opinion expressed in AGO 83-23, as herein modified.
The authority that Ch. 373 water management districts historically had to tax state-owned land under authority of Ch. 373 was contained in s 373.543(1), F.S. 1979, and was repealed by s 231, Ch. 81-259, Laws of Florida. As stated in AGO 83-23, Ch. 373 does not contain authorization for the five water management districts created pursuant to s 373.069, F.S., to impose "assessments of any kind on state-owned lands." And see, s 373.543(1), F.S., 1983, which provides that land title to which is in the State Board of Education shall not be subject to the district tax nor shall there be liability therefor upon any state agency; and subsection (2) of that statute providing:
 There shall be excluded from district taxes all bodies of navigable water and unreclaimed water areas meandered by the public surveys, all rights-of-way of said district, all areas devoted or dedicated to the use of and for the works of the district, rights-of-way of state and county highways, and streets within the limits of incorporated towns, and property owned by a public agency open to the use of the public or for the public benefit not leased to or operated by a private agency.
See, subsection (1) of s 373.503, F.S., for an expression of legislative intent and policy towards the financing of the activities of the five water management districts operating under Ch. 373, F.S. Thus, the five water management districts operating under the authority of Ch. 373 do not have current statutory authority to impose ad valorem taxes or assessments of any kind on state-owned lands within such districts.
The second category of districts is water control districts operating under the authority of Ch. 298, F.S. Subsection (3) of s298.36, F.S., provides:
 The benefits, and all lands in said district belonging to the state, shall be assessed to, and the taxes thereon shall be paid by, the state out of funds on hand, or which may hereafter be obtained, derived from the sale of lands belonging to the state. This provision shall apply to all taxes in any district including maintenance and ad valorem taxes, either levied under this or any other law, and to taxes assessed for preliminary work and expenses, as provided in s. 298.29, as well as to the taxes provided for in this section.
The issue involved is the application of the "repeal" language contained in subsection (5) of s 253.03, F.S., to the current provisions of subsection (3) of s 298.36, F.S. The repeal of a statute by implication is not favored. See, State v. Dunmann,427 So.2d 166 (Fla. 1983); Mann v. Goodyear Tire Rubber Co.,300 So.2d 666 (Fla. 1974). This office is, of course, without the authority to invalidate any current law contained in the Florida Statutes, and unless a court finds that there is an irreconcilable conflict between the later statute and the earlier statute, will give effect to the general presumption that later statutes are passed with the knowledge of prior existing laws and construe the statutes in harmony. See, Oldham v. Rooks, 361 So.2d 140 (Fla. 1978); Town of Indian Shores v. Richey, 348 So.2d 1 (Fla. 1977); State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68 (Fla. 1975). Subsection (5) of s 253.03, F.S., and subsection (3) of s 298.36, F.S., can be read together in harmony to give effect to and continued validity of both provisions. The language of subsection (5) of s 253.03 serves to preserve the immunity from taxation or assessments of any kind by any state or local public agency of lands that were transferred to the Board of Trustees of the Internal Improvement Trust Fund under the terms of Ch. 67-2236, Laws of Florida, and which at the time of passage of that act were entitled to tax-exempt status under the Constitution or laws of the state. Subsection (3) of s 298.36, F.S., continues to have force and effect and applies to other lands title to which is vested in the Board of Trustees as well as other lands belonging to the state within a water control district operating under Ch. 298, F.S., which were not transferred to the Board under the terms of Ch. 67-2236, unless some other provision of state law, of which I am not aware, operates to impliedly repeal s 298.36(3), F.S. As to this construction of the two statutory provisions, s 253.03(5) and s 298.36(3), AGO 83-23 is hereby expressly superseded.
Thus, the three taxing authorities listed in AGO 83-23, the East Beach Water Control District, the Lake Worth Drainage District, and the South Shore Drainage District operating under the authority of Ch. 298, F.S.,[1] have current statutory power to levy taxes or impose assessments on all state-owned lands within such districts. Again, only those lands which were transferred to the Board of Trustees under the terms of Ch. 67-2236 and which were tax-exempt under the Constitution or laws of the state at the time of such transfer or conveyance retain the immunity recognized by subsection (5) of s 253.03, F.S.
Finally, applying this construction to the South Florida Conservancy District which operates pursuant to the grant of authority contained in Ch. 17258, 1935, Laws of Florida, as amended, it is my opinion that this district continues to have the power to tax or impose assessments on state-owned lands held by the Board of Trustees of the Internal Improvement Trust Fund except as to any lands that may have been transferred to the Board under the terms of Ch. 67-2236 that at the time of such transfer were entitled to tax exempt status under the Constitution or laws of the state.
Section 5 of Ch. 20477, 1941, Laws of Florida, amended the substantively similar language of section 6 of Ch. 17258, 1941, Laws of Florida, in pertinent part, to provide: "That the lands within said District held by the Trustees of the Internal Improvement Fund of the State of Florida shall be subject to the taxes levied by or pursuant to the provisions of this Act, and said Trustees, in furtherance of the trust upon which said lands are held, are hereby authorized and directed to pay the same out of any moneys in their hands derived from the sale of lands, or otherwise." Section 7 of Ch. 20477, 1941, Laws of Florida, amended the substantively similar language of section 9 of Ch. 17258, 1935, Laws of Florida to read: "That all taxes levied hereunder are hereby declared and shall be considered and construed to be special drainage assessments for benefits to said lands, and the proceeds thereof are to be used for the purposes herein specified and authorized." (e.s.) The South Florida Conservancy District additionally is authorized to exercise the taxing power granted by s 298.36, F.S. See, Ch. 20477, s 4, 1941, Laws of Florida. The language of subsection (5) of s 253.03, F.S., applies to "taxes or assessments of any kind" (e.s.) in preserving the immunity, from taxation or assessment of any kind, of lands that enjoyed such tax-exempt status at the time of their transfer or conveyance under the terms of Ch. 67-2236, Laws of Florida.
According to the supplemental materials recently furnished this office, all state lands held by the Board of Trustees within the South Florida Conservancy District were originally acquired by the state in 1903. If this is in fact the case, then all lands held by the Board of Trustees within the South Florida Conservancy District would remain subject to the taxes authorized by Ch. 17258, 1935, Laws of Florida, as amended, however denominated, except as to any lands that may have been transferred to the Board of Trustees under the terms of Ch. 67-2236 that at the time of such transfer were entitled to tax-exempt status. In making a determination as to whether state-owned lands title to which is vested in the Board of Trustees of the Internal Improvement Trust Fund are subject to ad valorem taxes or special assessments, it is necessary to initially ascertain if any such lands were transferred or conveyed to the Board of Trustees under the terms of Ch. 67-2236 and, if so, whether such transferred lands were entitled to tax-exempt status under either the Constitution or laws of the state. This office cannot make such factual determinations which must be made by the Board of Trustees and its staff. See, s 253.002, F.S., which provides that the Division of State Lands of the Department of Natural Resources shall perform all staff duties and functions relating to the administration of state lands.
In summary, it is my opinion that the five water management districts created by and operating under Ch. 373, F.S., do not have the power to impose ad valorem taxes or assessments of any kind on state-owned lands within such districts, and therefore, neither the Board of Trustees of the Internal Improvement Trust Fund nor the state is liable for the payment of any taxes or assessments levied or attempted to be levied by such districts; water control districts operating under the provisions of Ch. 298, F.S., including the East Beach Water Control District, the Lake Worth Drainage District and the South Shore Drainage District have statutory authority to levy taxes or impose special assessments on state-owned lands within such districts title to which is vested in the Board of Trustees, except as to any lands that may have been transferred to the Board of Trustees under the terms of Ch. 67-2236 that at the time of such transfer were entitled to tax-exempt status. The South Florida Conservancy District, created and operating under Ch. 17258, 1935, Laws of Florida, as amended, possesses statutory authority to levy taxes or impose special assessments on state-owned lands held by the Board of Trustees of the Internal Improvement Trust Fund within the District except as to any lands that may have been transferred or conveyed to the Board of Trustees under the terms of Ch. 67-2236, Laws of Florida, and which at the time of passage of that act were entitled to tax-exempt status under the Constitution or laws of the state.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General
[1] See, Ch. 75-469, s 2, Laws of Florida, Ch. 61-1747, s 2, Laws of Florida, and Ch. 71-819, s 2, Laws of Florida, respectively, for authority these special districts have to exercise powers conferred by Ch. 298, F.S.