DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CATHERINE M. PILEGGI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2780

[November 8, 2017]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case No. 11-11540CF10A.

Bruce L. Udolf of Bruce L. Udolf, PA, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Catherine Pileggi ("Defendant") appeals her judgment of conviction for second degree murder. Defendant raises two arguments on appeal: (1) the trial court erred in denying her motion for judgment of acquittal; and (2) she was denied due process by not being given the opportunity to perform an independent autopsy. The State cross-appeals, arguing that in the event of reversal, the court improperly denied the State's request to limit the jury instruction on the justifiable use of deadly force. We affirm Defendant's conviction without further comment. Recognizing that our decision on Defendant's appeal renders the State's cross-appeal moot, we nonetheless address the State's contention that the justifiable use of deadly force instruction as given was wrong.

Defendant was charged with the murder of her longtime boyfriend. At trial, Defendant admitted that she shot and stabbed the Victim, but claimed that she was a battered woman and did so in self-defense. Both sides presented substantial evidence to support their respective positions. Because self-defense was an issue, when it came time to charge the jury,

the court read the following instruction which was modeled after Standard Jury Instruction 3.6(f):

> An issue in this case is whether the defendant acted in self-defense.
>
> It is a defense to the crime of murder in the second degree and to the lesser included crime of manslaughter if the actions of [Defendant] constituted the justifiable use of deadly force.
>
> Deadly force means force likely to cause death or great bodily harm.
>
> The use of deadly force is justifiable if the defendant reasonably believed that such force is necessary to prevent imminent death or great bodily harm to her while resisting:
>
> 1) Another's attempt to murder her; or
>
> 2) Any attempt to commit manslaughter or aggravated assault upon her; or
>
> 3) Any attempt to commit manslaughter or aggravated assault upon or in any dwelling occupied by her.
>
> [Defendant] was justified in using deadly force if she reasonably believed that such force was necessary to prevent imminent death or great bodily harm to herself or the imminent commission of a forcible felony such as first degree murder or second degree murder or manslaughter against her.
>
> If [Defendant] was not otherwise engaged in unlawful activity and was in a place she had a right to be, then she had no duty to retreat and had the right to stand her ground.

This instruction was based, in part, on the wording of section 782.02 of the Florida Statutes which provides that:

> The use of deadly force is justifiable when a person is resisting any attempt to murder such person or to commit any felony upon him or her or upon or in any dwelling house in which such person shall be.

2

§ 782.02, Fla. Stat. (2010).

It was also based, in part, on the "Stand Your Ground" law.  As it read in 2010, section 776.012 of Florida's Stand Your Ground law stated, in pertinent part:

> [A] person is justified in the use of deadly force and does not have a duty to retreat if:
>
> > (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another to prevent the imminent commission of a forcible felony; or
> >
> > (2) Under those circumstances permitted pursuant to s. 776.013.

§ 776.012, Fla. Stat. (2010).

To that end, section 776.013(3) of the Stand Your Ground law stated:

> A person who is not engaged in unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

§ 776.013(3), Fla. Stat. (2010).

The State does not dispute that the standard jury instruction given accurately tracks the language of section 782.02 and the Stand Your Ground law, but argues that the inclusion of language tracking section 782.02 was incorrect.  The State's position is based on its argument that the Stand Your Ground law "revised the subject matter" of section 782.02 and in doing so, "implicitly" replaced and repealed section 782.02. Specifically, the State argues that section 782.02 is "positively repugnant" with the Stand Your Ground law because section 782.02 does not contain the adjective "imminent" when referencing the threat to the person using self-defense nor does it require a "forcible felony" as referenced in the Stand Your Ground law.  We disagree.

3

It is well settled that "repeal of a statute by implication is not favored and will be upheld only where irreconcilable conflict between the later statute and earlier statute shows legislative intent to repeal." *Town of Indian River Shores v. Richey*, 348 So. 2d 1, 2 (Fla. 1977). The Stand Your Ground law essentially establishes that a person has no duty to retreat and may use deadly force if he or she reasonably believes deadly force is necessary. § 776.012, Fla. Stat. (2010); § 776.013(3), Fla. Stat. (2010). Section 782.02, in turn, echoes the reasonableness element of Stand Your Ground Law by providing that the use of deadly force is justified "when a person is resisting any attempt to murder such person or to commit any felony upon him or her." § 782.02, Fla. Stat. (2010).

We hold that the two statutes are not irreconcilable and, indeed, compliment each other. Our holding is based on the well-established principle that it is reasonable for a person subject to a felonious attack to believe deadly force is necessary to stop oneself from being killed or prevent serious bodily injury. Our conclusion that there is no conflict in these laws has been tacitly recognized by courts considering the adequacy of standard instruction 3.6(f). *See Cruz v. State*, 189 So. 3d 822, 831 (Fla. 4th DCA 2015) (holding that "the standard instruction on the justifiable use of deadly force is a correct statement of the law"); *Wyche v. State*, 170 So. 3d 898, 905 (Fla. 3d DCA 2015) ("Jury Instruction 3.6(f) is an accurate statement of the law on the use of deadly force, and there is no conflict between any of the sections contained in Chapter 776 or any conflict within Jury Instruction 3.6(f)."). Accordingly, the court did not err in giving the standard jury instruction on the justifiable use of deadly force.

*Affirmed.*

CONNER and FORST, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***

4